UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Dr. DELORA MOUNT<br><br>　　　　　　Plaintiff<br><br>v.<br><br>LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, through the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, and LOUISIANA CHILDREN'S MEDICAL CENTER (d/b/a CHILDREN'S HOSPITAL NEW ORLEANS / MANNING FAMILY CHILDREN'S<br><br>Defendants | CIVIL ACTION<br><br>NO. 25-1377<br><br>JUDGE: SARAH S. VANCE<br><br>MAGISTRATE JUDGE:<br>KAREN WELLS ROBY<br><br>JURY DEMANDED |

**MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (Board of Supervisors),[1] submits the following Memorandum in Support of its Partial Motion to Dismiss Plaintiff's Complaint (R. Doc. 1) under Rules 12(b)(1) and 12(b)(6) on the following grounds:

**I.    Introduction and Factual Background**

Plaintiff, Dr. Delora Mount, is a pediatric plastic surgeon who alleges she was recruited by Defendant, Louisiana Children's Medical Center (d/b/a Children's Hospital New Orleans /

---

[1] The Board of Supervisors is the operative arm of Louisiana State University Health Sciences Center (LSUHSC), charged by Article 8, Section 7 of the Louisiana Constitution of 1974 to supervise and manage the institutions administered through its system. LSUHSC was established under the administration of the Board of Supervisors. Therefore, the correct Defendant is the Board of Supervisors and any reference to the Board of Supervisors includes LSUHSC. *See Mire v. Bd. of Supervisors of Louisiana State Univ.*, No. CV 15-6965, 2016 WL 4761561, at *3 (E.D. La. Sept. 13, 2016); *Schuth v. Louisiana State Univ. Med. Ctr.*, No. CIV. A. 87-4191, 1989 WL 65566, at *9 (E.D. La. June 15, 1989); *Bos. v. Tanner*, 29 F. Supp. 2d 743, 745 (W.D. La. 1998).

1

Manning Family Children's) ("Children's Hospital").[2] She alleges she entered into an employment contract with LSUHSC, but that Children's Hospital retained supervision and control over her work at the hospital.[3] Mount accepted Defendants' employment offer in December 2021, which included joining the faculty at Louisiana State University Health Sciences Center (LSUHSC), providing clinical services as a surgeon and serving as a Section Chief with Children's Hospital.[4] The term of her contract began on June 1, 2022 and was for a two-year period.[5]

Mount alleges that she was paid less and given fewer opportunities than a younger male colleague.[6] She claims that this colleague was promoted to "Interim Chief," (notwithstanding that the title was temporary and he never held the position permanently), despite her greater experience.[7] Mount further alleges that after taking medical leave for her own condition, her contract was not renewed.[8] She also contends that she engaged in what she characterizes as "protected activity" under Title VII by raising concerns during a performance review about comments regarding a subordinate's maternity leave and by reporting an unspecified incident involving a subordinate surgeon's "experience with sexism/harassment."[9] She asserts that, as a result, she was subjected to retaliation in violation of Title VII.[10]

In her Complaint, Mount asserts claims against both the Board of Supervisors and Children's Hospital under Title VII, the Equal Pay Act, the Americans with Disabilities Act (ADA) Amendments Act, the Rehabilitation Act, the Family and Medical Leave Act, and Louisiana state

---

[2] R. Doc. 1, ¶21, 33.
[3] *Id.* at ¶51-52.
[4] *Id.* at ¶2, 33-34.
[5] *Id.* at ¶57-58.
[6] *Id.* at ¶158-163; 167-169.
[7] *Id.* at ¶66-74.
[8] *Id.* at ¶6-7.
[9] *Id.* at ¶154-156.
[10] *Id.* at ¶154.

2

law claims under Louisiana Employment Discrimination Law, Louisiana Human Rights Act, and the implied covenant of good faith and fair dealing.[11]

The Board of Supervisors seeks partial dismissal of Mount's claims and remedies that are barred as a matter of law. Specifically, the Board moves to dismiss: (1) Plaintiff's state law claims, ADA claim, and FMLA claim against the Board on sovereign immunity grounds; (2) her reliance on diversity jurisdiction, which is foreclosed by the presence of a state agency-defendant; (3) her demand for punitive damages, which are unavailable for her remaining claims; and (4) her Title VII retaliation claim, which is inadequately pled and fails to state a claim.

## II.   Law and Argument

### A. Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) Standards

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal if the Court lacks jurisdiction over the subject matter of the Plaintiff's claims.[12] Motions submitted under Rule 12(b)(1) allow a party to challenge the Court's subject matter jurisdiction based upon the allegations on the face of the complaint.[13]

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a plaintiff fails "to state a claim upon which relief can be granted."[14]  As the Supreme Court held in *Bell Atlantic Corp. v. Twombly,* the Rule 8 pleading standard does not require "detailed factual allegations," but it does demand more than "labels and conclusions" and a "formulaic recitation of the elements of [the]

---

[11] Mount also alleges an Age Discrimination in Employment Act claim against Children's Hospital only. *See* R. Doc. 1, p. 30 (Count 4).
[12] Fed.R.Civ.P. 12(b)(1); *Mire v. Bd. of Supervisors of Louisiana State Univ.*, No. CV 15-6965, 2016 WL 4761561, at *2 (E.D. La. Sept. 13, 2016).
[13] Mire, 2016 WL 4761561 at *2 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Lopez v. City of Dallas, Tex.*, No. 03–2223, 2006 WL 1450420, at *2 (N.D. Tex. May 24, 2006)).
[14] Fed.R.Civ.P. 12(b)(6).

cause of action."[15] If the factual allegations are insufficient to rise above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.[16] A court does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[17] The bases supporting dismissal of Plaintiff's claims are addressed in turn.

### B. Sovereign immunity bars many of Mount's claims against the Board of Supervisors.

Sovereign immunity under the Eleventh Amendment bars a state's citizens from suing the state or its agencies in federal courts, unless the state has waived its sovereign immunity or Congress has expressly abrogated it.[18] When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief, absent one of those limited exceptions.[19] Under La. R.S. 13:5106(A), Louisiana has expressly declined to waive its sovereign immunity in federal court. Courts have consistently recognized the Board of Supervisors as an arm of the State for purposes of Eleventh Amendment immunity.[20] Accordingly, several of Mount's claims against the Board of Supervisors are barred by sovereign immunity, as discussed below.

---

[15] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167, 155 L.Ed.2d 929 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[16] *Id.* at 555; *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Carbe v. Lappin,* 492 F.3d 325, 328 & n. 9 (5th Cir.2007).
[17] *Boos v. Globus Med., Inc.,* No. 20-CV-2694, 2021 WL 662128, at *2 (E.D. La. Feb. 19, 2021).
[18] *Cozzo v. Tangipahoa Parish Council–President Gov't,* 279 F.3d 273, 280 (5th Cir.2002); *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)
[19] *Cozzo*, 269 F.3d at 280.
[20] *Mathai v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 959 F. Supp. 2d 951, 957 (E.D. La.), *aff'd,* 551 F. App'x 101 (5th Cir. 2013) (citing *Raj v. La. State Univ.,* 714 F.3d 322, 328 (5th Cir.2013); *Dyess v. La. State Univ. Bd. of Supervisors,* No. 05–392, 2005 WL 2060915, at *4 (E.D.La. Aug. 19, 2005); *see also Menard v. Bd. of Trustees of Loyola Univ. of New Orleans,* No. Civ.A. 03-2199, 2004 WL 856641, at *5 (E.D.La. April 19, 2004); *Johnson v. State of La.,* No. Civ.A. 01-2002, 2002 WL 1398659, at *2 (E.D.La. June 26, 2002); *Otis v. LSU Med. Ctr.,* No. CIV. A. 99-3795, 2001 WL 290166, at *4 (E.D.La. Mar.22, 2001); *Adamo v. Bd. of Supervisors of Louisiana State Univ.,* Civ. A. No. 93-4297, 1994 WL 202368, at *4 (E.D.La. May 16, 1994).

1. **State Law Claims.**

Mount's state law claims under the Louisiana Employment Discrimination Law, the Louisiana Human Rights Act, and an alleged implied covenant of good faith and fair dealing are barred by sovereign immunity.[21] It is well established that the Eleventh Amendment prevents federal courts from adjudicating state law claims against state agencies.[22] These claims must therefore be dismissed against the Board of Supervisors for lack of subject-matter jurisdiction.

2. **ADA Amendments Act Claim.**

Mount's claim under the ADA Amendments Act likewise fails against the Board of Supervisors.[23] The Supreme Court has determined that Congress did not validly abrogate states' Eleventh Amendment immunity under Title I of the ADA Amendments Act, which prohibits discrimination in employment.[24] Accordingly, Mount's ADA claim against the Board of Supervisors is barred and should be dismissed.[25]

3. **Family and Medical Leave Act Claim.**

Finally, Mount has asserted a claim under the FMLA against both Defendants.[26] The Supreme Court has drawn a distinction between the FMLA's family-care and self-care provisions with respect to sovereign immunity, holding that Congress has validly abrogated states' sovereign

---

[21] R. Doc. 1, p. 27-29 (Count 3); p. 33-34 (Count 6); p. 34 (Count 7).
[22] *Raj*, 714 F.3d at 328–29 (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)); *Montgomery-Smith v. Louisiana Dep't of Health & Hosps.*, 299 F. Supp. 3d 790, 807-809 (E.D. La. 2018), *aff'd sub nom. Montgomery-Smith v. George,* 810 F. App'x 252 (5th Cir. 2020) (dismissing claims under Louisiana Employment Discrimination Law and Louisiana Human Rights Act against state agency based on sovereign immunity).
[23] R. Doc. 1, p. 27-29 (Count 3).
[24] *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001); *See also Fields v. Dep't of Pub. Safety*, 911 F. Supp. 2d 373, 381 (M.D. La. 2012); *Johnson-Blount v. Bd. of Sup'rs for S. Univ.*, 994 F. Supp. 2d 780, 784 (M.D. La. 2014); *Mire v. Bd. of Supervisors of Louisiana State Univ.*, No. CV 15-6965, 2016 WL 4761561, at *3 (E.D. La. Sept. 13, 2016).
[25] *Id.*
[26] R. Doc. 1, p. 31-33 (Count 5).

immunity for the FMLA's family-care provision but not for the self-care provision.[27] Mount invokes the FMLA based on her own medical condition (i.e. the self-care provision).[28] Under *Coleman*, Mount's FMLA claim against the Board of Supervisors is barred by the Eleventh Amendment.[29]

Mount attempts to avoid the application of sovereign immunity by asserting in a footnote that she seeks only "non-monetary" relief against the Board of Supervisors.[30] This appears to be because *Coleman* barred suits against state agencies for damages and potentially left open the possibility for equitable relief under certain circumstances.[31] However, Mount identifies no viable equitable relief that could be ordered against the Board of Supervisors.

The FMLA's remedial provisions permit equitable relief "such as employment, reinstatement, and promotion when appropriate."[32] Mount seeks none of these remedies. The only arguably "equitable relief" she requests is a declaratory judgment that Defendants violated the FMLA.[33]

In *Bryant v. Texas Dep't of Aging & Disability Servs.*, the Fifth Circuit was presented with the argument that the plaintiff's claim for reinstatement is an acceptable form of prospective relief against the state that is not barred by the Eleventh Amendment, attempting to apply *Ex parte Young*.[34] The Fifth Circuit rejected that argument, holding that the *Ex parte Young* exception does

---

[27] *Nev. Dept. of Human Res. v. Hibbs,* 538 U.S. 721, 735, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003); *Coleman v. Court of Appeals of Md.*, 566 U.S. 30, 43–44 (2012).
[28] *Hall v. Evans*, No. CIV.A. 14-0801, 2014 WL 5040742, at *3 (E.D. La. Oct. 8, 2014).
[29] *See Jackson v. St. Charles Par. Hous. Auth. Bd. of Commissioners*, 441 F. Supp. 3d 341, 358, n. 58 (E.D. La. 2020).
[30] R. Doc. 1, p. 31.
[31] *Paulin v. Dep't of Health & Hosp*s., No. CIV.A. 13-5447, 2013 WL 6405021, at *1–2 (E.D. La. Dec. 6, 2013).
[32] 29 U.S.C. § 2617(a)(1)(B); C.F.R. §825.400(a)(c).
[33] R. Doc. 1, ¶250(G).
[34] *Bryant v. Texas Dep't of Aging & Disability Servs.,* 781 F.3d 764, 769 (5th Cir. 2015).

not apply to suits against state agencies and is limited to certain claims against state officials in their official capacities.[35] Thus, the plaintiff's self-care claims against the state agency were barred by sovereign immunity.[36] Further, the Eastern District of Louisiana, in *Paulin v. Dep't of Health & Hosps.*, noted that it is "at least arguable" that a "purely prospective" claim based on a continuing violation of the law (there, an expungement of an employee's file) could survive the employer's sovereign immunity.[37]

Here, Mount does not seek reinstatement, promotion, or any other form of prospective relief against the Board of Supervisors. She has since secured a position as a surgeon and professor at the University of North Carolina School of Medicine.[38] Instead, she seeks a declaration that the Board violated the FMLA in the past, untethered to any forward-looking remedy. Moreover, she has not asserted her claim against any state official who could even arguably invoke *Ex parte Young*. Even under the reasoning in *Paulin*, her request for a bare declaration of a past violation is not prospective relief. Accordingly, Mount's FMLA claim against the Board of Supervisors should be dismissed.

### C. Diversity jurisdiction is unavailable in this matter.

In her Complaint, Mount invokes diversity jurisdiction under 28 U.S.C. § 1332, which is not an available avenue for jurisdiction.[39] The Fifth Circuit has stated that it is well-settled that a state is not considered a "citizen" for purposes of diversity jurisdiction, and when suit is brought against

---

[35] *Id.* (citing *Raj,* 714 F.3d at 328).
[36] *Bryant*, 718 F.3d at 769.
[37] *Paulin*, 2013 WL 6405021, at *1–2.
[38] R. Doc. 1, ¶11.
[39] R. Doc. 1, ¶15.

an agency that functions as an alter ego of the state, diversity jurisdiction is likewise lacking.[40]. As established above, the Board of Supervisors is considered is an arm of the State of Louisiana.

The presence of a non-state defendant does not alter this conclusion. The Fifth Circuit has made clear that there can be no federal jurisdiction on the basis of diversity when a state is a real party in interest (as opposed to a nominal party) because a state is not a citizen under § 1332.[41] As pleaded, the Board of Supervisors is a real party in interest rather than a nominal defendant, and its inclusion forecloses diversity jurisdiction. The Board of Supervisors does not dispute that Plaintiff's available federal claims provide federal question jurisdiction.

### D. Mount cannot recover punitive damages against the Board of Supervisors.

¶250(E) of Mount's Complaint requests an award of punitive damages "as appropriate." To the extent this request is directed at the Board of Supervisors, it must be dismissed as to all claims remaining against this Defendant.

Under Title VII, punitive damages may only be awarded "against a respondent (<u>other than a government, governmental agency</u> or political subdivision)…" upon proof of malice or reckless indifference.[42] The exclusion of government entities from punitive damages applies to state universities, including the Board of Supervisors.[43] As to the Equal Pay Act, this statute authorizes an award of liquidated damages, but contains no provision permitting punitive damages.[44] Accordingly, punitive damages are unavailable under the EPA.[45] Similarly, punitive damages are

---

[40] *Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983).
[41] *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006).
[42] 42 U.S.C. § 1981a(b)(1) (emphasis added). *See also Oden v. Oktibbeha Cnty., Miss.,* 246 F.3d 458, 466 (5th Cir. 2001).
[43] *Muslow v. Bd. of Supervisors of Louisiana State Univ., & Agric. & Mech. Coll.*, No. CV 19-11793, 2024 WL 5246605, at *8 (E.D. La. Dec. 30, 2024) (citing *Tureaud v. Grambling State Univ.*, 2005 WL 8167346, at *5 (W.D. La. Aug. 26, 2005)).
[44] *Aucoin v. Kennedy*, 355 F. Supp. 2d 830, 841 (E.D. La. 2004).
[45] *Id.*; *Muslow*, 2024 WL 5246605, at *10.

8

not recoverable under the Rehabilitation Act.[46] For these reasons, any claim by Mount for punitive damages against the Board of Supervisors fails as a matter of law and should be dismissed with prejudice. To the extent Mount does not intend to pursue punitive damages against the Board, she should be required to amend her Complaint to clarify that such relief is not sought from this Defendant.

### E. Mount fails to state a claim for retaliation under Title VII.

To sufficiently allege a prime facie case of retaliation, Mount must provide allegations in her Complaint that (1) she participated in an activity protected by Title VII; (2) her employer took adverse action against her; and (3) a causal connection exists between the protected activity and the adverse employment action.[47] Protected activity can consist of either (1) opposing any practice made an unlawful employment practice by Title VII (the opposition clause) or (2) making a charge, testifying, assisting, or participating in any manner in an investigation proceeding, or hearing under Title VII (the participation clause).[48]

Mount relies on two incidents to claim she engaged in protected activity.[49] First, she alleges that during a July 2023 performance evaluation of a subordinate she reported "inappropriate behavior including comments regarding a colleague taking a maternity leave." This allegation is vague and conclusory. She does not identify the source of the alleged comments, the nature of the "inappropriate behavior," or whether the conduct described amounted to an unlawful employment practice under Title VII. Without such factual detail, it cannot be determined whether this

---

[46] *Barnes v. Gorman*, 536 U.S. 181, 189, 122 S. Ct. 2097, 2103, 153 L. Ed. 2d 230 (2002); *Yoakum v. Splendora Indep. Sch. Dist.*, No. CV H-17-3914, 2019 WL 13401725, at *2 (S.D. Tex. Jan. 11, 2019).
[47] *Hudson v. Lincare, Inc.,* 58 F.4th 222, 231 (5th Cir. 2023).
[48] 42 U.S.C. § 2000e–3(a); *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016).
[49] R. Doc. 1, ¶154-157.

9

complaint constitutes opposition to discrimination within the scope of the statute or merely a general workplace grievance.

Second, Mount alleges that she made an undated report about a subordinate surgeon's "experience with sexism/harassment from a male orthopedic surgery colleague." She does not allege when the report was made or to whom, and she does not describe what the alleged "experience with sexism/harassment" entailed. As pled, the allegation is too indeterminate to constitute protected activity under Title VII.

Further, even assuming these reports qualify as protected activity, the allegations in the Complaint fail to link either report to the adverse actions she challenges (i.e. an alleged failure to promote or the decision not to renew her contract). For a retaliation claim, an adverse employment action is one that a reasonable employee would have found materially adverse or might have dissuaded a reasonable worker from making or supporting a charge of discrimination.[50] Mount offers only conclusory assertions without any facts about timing, decisionmaker knowledge, or other circumstances connecting her reports to the employment decisions at issue. Absent such allegations, her retaliation claim fails and should be dismissed.

### F. Conclusion

For these reasons, the Board of Supervisors respectfully requests that the Court grant this partial motion to dismiss. Plaintiff's state law, ADA Amendments Act, and FMLA claims against the Board are barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction. Her reliance on diversity jurisdiction should likewise be dismissed, as diversity is unavailable where a state entity is a party. Mount's demand for punitive damages against the Board

---

[50] *Perez v. Brennan*, 766 F. App'x 61, 64 (5th Cir. 2019).

fails as a matter of law, and her Title VII retaliation claim is inadequately pled and should be dismissed.

> Respectfully submitted,
>
> **LIZ MURRILL**
> **ATTORNEY GENERAL**
>
> By: */s/ Amanda M. Plaiscia*
> Craig R. Watson (#29473) (T.A.)
> Special Assistant Attorney General
> Guice A. Giambrone, III (#25062)
> Amanda M. Plaiscia (#35962)
> Blue Williams, L.L.C.
> 3421 N. Causeway Blvd., Suite 900
> Metairie, Louisiana 70002
> Telephone: (504) 831-4091
> Facsimile: (504) 849-3041
> Email: cwatson@bluewilliams.com
> Email: ggiambrone@bluewilliams.com
> Email: aplaiscia@bluewilliams.com
> *Attorneys for Louisiana State University*
> *Health Sciences Center, through the Board*
> *of Supervisors of Louisiana State University*
> *and Agricultural and Mechanical College*

## CERTIFICATE OF SERVICE

I, Amanda M. Plaiscia, certify that on September 9, 2025, a copy of this filing was served contemporaneously on all attorneys of record via the court's CM/ECF system.

> */s/Amanda M. Plaiscia*