UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DELORA MOUNT | CIVIL ACTION NO. 2:25-cv-01377 |
| VERSUS | |
| | JUDGE SARAH S. VANCE |
| LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, AND LOUISIANA CHILDREN'S MEDICAL CENTER (D/B/A CHILDREN'S HOSPITAL NEW ORLEANS/MANNING FAMILY CHILDREN'S) | MAGISTRATE JUDGE KAREN WELLS ROBY |

**MEMORANDUM IN SUPPORT OF LCMC HEALTH'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Louisiana Children's Medical Center d/b/a LCMC Health/Manning Family Children's ("LCMC Health") submits the following Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 1) under Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

**FACTUAL BACKGROUND**

Plaintiff, Dr. Delora Mount, brought this lawsuit against LCMC Health and Louisiana State University Health Sciences Center ("LSUHSC") alleging that she was recruited by LCMC Health to serve in a dual role as Section Chief of Pediatric Plastic Surgery at Children's Hospital New Orleans and as a faculty member at LSUHSC. (Rec. Doc. 1 at ¶ 2). Plaintiff's employment began in 2022. Her formal contract was with LSUHSC; however, she alleges that her work at the hospital was supervised and controlled by LCMC Health. (Rec. Doc. 1 at ¶¶ 51-52).

Plaintiff alleges that, despite having more years of experience, she was paid less and given fewer opportunities than a younger male colleague. (*Id.* at ¶¶ 158-163; 167-69). Plaintiff claims

3

that her male colleague was promoted to "Interim Chief" despite her greater experience. (*Id.* at ¶¶ 66-74). She further alleges that after taking medical leave, her contract was not renewed. (*Id.* at ¶ 6-7). Plaintiff also contends that she engaged in what she characterizes as "protected activity" under Title VII by raising concerns during a performance review about comments regarding a subordinate's maternity leave and by reporting an unspecified incident involving a subordinate surgeon's alleged experience with sexism/harassment. (*Id.* at ¶¶ 154-56). She asserts that, as a result, she was subjected to retaliation in violation of Title VII. (*Id.* at ¶ 154).

In her Complaint, Plaintiff asserts claims against LCMC Health and LSUHSC under Title VII, the Equal Pay Act, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), the Rehabilitation Act, the Family and Medical Leave Act, and Louisiana state law claims under Louisiana Employment Discrimination Law, Louisiana Human Rights Act, and the implied covenant of good faith and fair dealing.

LCMC Health seeks partial dismissal of Plaintiff's claims, specifically moving to dismiss (1) Plaintiff's claims under the Louisiana Employment Discrimination Law because LCMC Health is a nonprofit and is thus exempt; (2) Plaintiff's claim of breach of the implied covenant of good faith and fair dealing because she has failed to allege a contract between Plaintiff and LCMC Health; and (3) her Title VII retaliation claim, which is inadequately pled and fails to state a claim.

**LAW AND ARGUMENT**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If there are insufficient

4

factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

**I.   LCMC Health is a nonprofit exempt from the Louisiana Employment Discrimination Law.**

Plaintiff's claims under the Louisiana Employment Discrimination Law ("LEDL") are not cognizable as LCMC Health is exempt from coverage under the LEDL as a non-profit entity pursuant to La. Rev. Stat. § 23:302(2)(b). The LEDL is set forth in Louisiana Revised Statutes Title 23 Sections 301 *et seq*. Section 302 contains the definitions applicable to the LEDL. La. Rev. Stat. § 23:302. The LEDL provides a cause of action only against "employers" as the term is defined in the statute. *See* La. Rev. Stat. §§ 23:301 *et seq*; *Morgan v. LCMC Health*, No. CV 21-172, 2022 WL 715444, at *4 (E.D. La. Mar. 10, 2022). In defining "employer," § 302 explicitly provides that its provisions do not apply to "[e]mployment of an individual by a private educational or religious institution or any nonprofit corporation." *Id.* at § 23:302(2)(b). In her Complaint, Plaintiff states "LCMC Health is a non-profit health system." (Rec. Doc. 1 at ¶ 20). Further, public records maintained by the Louisiana Secretary of State's Office further support the conclusion that LCMC Health is a non-profit corporation, and LCMC Health respectfully asks this Court to take judicial notice of these public records.[1] The Court may take notice of matters of public record in resolving a motion to dismiss. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (stating that, in evaluating a Rule 12(b)(6) motion to dismiss, "[j]udicial notice may be taken of matters of public record."); *see also Firefighters' Retirement Sys., v. EisnerAmper*, 898 F.3d 553, 558 n.2 (5th Cir. 2018). As a result of its non-profit status, LCMC Health cannot be

---

[1] The relevant public records may be accessed at the following web address:
https://coraweb.sos.la.gov/CommercialSearch/CommorcialSearchDetails.aspx?CharterID=835630_BD0817DBA7.
(last visited on September 18, 2025).

considered an "employer" for purposes of the LEDL. In fact, LCMC Health has recently had claims brought against it under the LEDL dismissed in another section of this Court due to its non-profit status. *See Morgan v. LCMC Health*, No. CV 21-172, 2022 WL 715444 (E.D. La. Mar. 10, 2022). Therefore, Plaintiff's claims against LCMC Health under the LEDL must be dismissed.

## II. Plaintiff fails to sufficiently plead a claim for Breach of Implied Covenant of Good Faith and Fair Dealing.

In Count 7 of Plaintiff's Complaint, Plaintiff purports to allege a claim of breach of the implied covenant of good faith and fair dealing. (Rec. Doc. 1 at ¶¶ 242-46). To sufficiently allege a prima facie case of breach of an implied covenant of good faith and fair dealing, Plaintiff is required to prove that LCMC Health violated a contract between Plaintiff and LCMC Health with a dishonest or morally questionable motive. *Barbe v. A.A. Harmon & Co.*, 94-2423 (La. App. 4 Cir. 1/7/98), 705 So. 2d 1210, 1221, *writ denied*, 98-0526 (La. 5/15/98), 719 So. 2d 462, and *writ denied*, 98-0529 (La. 5/15/98), 719 So. 2d 462. Plaintiff has failed to identify or allege that any contract exists between Plaintiff and LCMC Health. In fact, Plaintiff admits in her Complaint that her employment contract was between herself and LSUHSC. (Rec. Doc. 1 at ¶¶ 51, 53). Taking what the Plaintiff states in her Complaint as true, Count 7 of Plaintiff's Complaint should be dismissed as to LCMC Health.

## III. Plaintiff fails to sufficiently plead a claim for Retaliation under Title VII.

To sufficiently allege a prima facie case of retaliation, Plaintiff must allege that (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal connection exists between the protected activity and the adverse employment action. *Hudson v. Lincare, Inc.*, 58 F. 4th 222, 231 (5th Cir. 2023). Protected activity can consist of either (1) opposing any practice made an unlawful employment practice by Title VII; or (2) making a charge, testifying, assisting, or participating in any manner in an investigation proceeding, or

hearing under Title VII. 42 U.S.C. 2000e-3(a); *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016).

Plaintiff's alleged "protected activity" consists of two incidences.  First, she alleges that during a July 2023 performance review of a subordinate she reported inappropriate behavior, including comments regarding a colleague taking a maternity leave. (Rec. Doc. 1 at ¶ 155). "inappropriate behavior" and "comments" are vague and conclusory phrases. Plaintiff does not identify the source of the alleged comments, the nature of the "inappropriate behavior," or whether the conduct described amounted to an unlawful employment practice under Title VII. Without these facts, Plaintiff's Complaint does not rise to the level of discrimination within the scope of the statute. Second, Plaintiff alleges that she made a report about a subordinate surgeon's alleged experience with sexism/harassment from a male orthopedic surgery colleague. (*Id.* at ¶ 156). Plaintiff does not state when she made the report to whom she made the report. Plaintiff also does not describe what constituted the "experience with sexism/harassment. On the face of the Complaint, we cannot determine whether this rises to the level of protected activity under Title VII.

Further, even assuming Plaintiff's alleged reports qualify as protected activity, her allegations in the Complaint fail to connect the reports to the alleged adverse actions. Plaintiff offers only conclusory assertions without any facts about timing, knowledge of the decisionmakers, or other circumstances connecting her reports to the employment decisions at issue. Without such allegations, Plaintiff's retaliation claim fails and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, LCMC Health respectfully requests that this Court grant its partial motion to dismiss. Plaintiff's LEDL claims must be dismissed because LCMC Health is

7

#5695786v1

exempt as a nonprofit. Her claim for breach of the implied covenant of good faith and fair dealing should likewise be dismissed because she has failed to allege that there was a contract between LCMC Health and herself. Finally, Plaintiff's Title VII retaliation claim is inadequately pled and should be dismissed.

                                      Respectfully Submitted:

                                      */s/ Amy L. McIntire*
                                      Amy L. McIntire (#35241)
                                      A. Elyce Ieyoub (#39918)
                                      **CHAFFE MCCALL, L.L.P.**
                                      2300 Energy Centre
                                      1100 Poydras Street
                                      New Orleans, LA 70163
                                      Tel:  (504) 585-7000
                                      Fax:  (504) 585-7075
                                      Email:  mcintire@chaffe.com
                                                       elyce.ieyoub@chaffe.com

                                      ***Attorneys for Defendant, Louisiana Children's Medical Center d/b/a LCMC Health/Manning Family Children's***

8

#5695786v1