UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Dr. DELORA MOUNT<br><br>Plaintiff<br><br>v.<br><br>LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, through the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, and LOUISIANA CHILDREN'S MEDICAL CENTER (d/b/a CHILDREN'S HOSPITAL NEW ORLEANS / MANNING FAMILY CHILDREN'S<br><br>Defendants | CIVIL ACTION<br><br>NO. 25-1377<br><br>JUDGE: SARAH S. VANCE<br><br>MAGISTRATE JUDGE:<br>KAREN WELLS ROBY<br><br>JURY DEMANDED |

**REPLY MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (Board of Supervisors), submits the following Memorandum in Support of its Partial Motion to Dismiss (R. Doc. 8):

**I.   Introduction**

Plaintiff's Opposition Memorandum (R. Doc. 13) concedes the majority of the Board of Supervisors' arguments addressed in its Motion. Specifically, Mount does not oppose dismissal of her state law, ADA, and FMLA claims against the Board of Supervisors and confirms she cannot recover punitive damages against it. Accordingly, the only issue remaining for the Court's consideration is Plaintiff's Title VII retaliation claim.

1

#6208834

## II.   Law and Argument

### A. Mount fails to state a claim for retaliation under Title VII.

While Mount is not required to establish a prima facie case of retaliation to survive a 12(b)(6) motion, her Complaint fails to meet the requisite standard of plausibly alleging facts that support the elements of this claim.[1] This requires going beyond mere labels and conclusions and establishing more than a "sheer possibility" that the claim may be true.[2]

Despite her arguments to the contrary, Mount's Complaint does not meet this standard. Her allegations consist of conclusory statements that Defendants collectively retaliated against her for reporting of "inappropriate behavior… regarding a colleague taking a maternity leave" and "a subordinate surgeon's experience with sexism/harassment….".[3] The second alleged complaints is undated and neither identifies who made the alleged comments, what was said, to whom it was reported (individual(s) affiliated with LSUHSC or Children's Hospital), or how the conduct in question constituted an unlawful employment practice under Title VII.[4] These generic descriptions of "inappropriate behavior" and a subordinate's "experience" lack the factual specificity required to support a plausible inference that Mount engaged in protected activity or that the Board of Supervisors could be liable for retaliation under Title VII.

---

[1] *Wright v. Union Pac. R.R. Co.,* 990 F.3d 428, 433 (5th Cir. 2021).
[2] *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 828 (E.D. La. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1960, 173 L.Ed.2d 868 (2009)).
[3] R. Doc. 1, ¶¶154-156.
[4] The lack of any date is particularly relevant to the causal link element. Causation may be inferred from a "very close" temporal proximity between the protected activity and the adverse employment action *See Williams*, 859 F. Supp. at 828 (citing *Strong v. Univ. Healthcare Sys., L.L.C.,* 482 F.3d 802, 808 (5th Cir.2007); *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001))

Even assuming these allegations could qualify as protected activity, Mount has not plausibly alleged any causal connection between those reports and the alleged non-promotion or non-renewal of her contract. To satisfy the causation element of a retaliation claim, an employee must allege facts showing that the employer knew of the protected activity.[5] If the employer was unaware of the alleged protected activity at the time of the adverse action, retaliation is not possible.[6] Here, Mount does not identify the recipient(s) of her two purported complaints to suggest any potential causal link. She does not allege that either report was made to anyone affiliated with LSUHSC or that any decisionmaker involved in the purported promotion or contract-renewal decisions was aware of her complaints. Without factual allegations establishing such knowledge, and even accepting her allegations as true, causation cannot be inferred.

Plaintiff's retaliation claim fails to meet the minimum pleading standards. Her allegations are too vague to establish protected activity and devoid of facts showing that the relevant decisionmakers knew of her alleged reports or acted with retaliatory motive sufficient to support the causal link element. Accordingly, the remaining retaliation claim should be dismissed with prejudice.

---

[5] *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003) (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir.2001)).
[6] *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999) (citing *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 267 (5th Cir.1994)).

#6208834

Respectfully submitted,

**LIZ MURRILL
ATTORNEY GENERAL**

By: */s/ Amanda M. Plaiscia* _____
Craig R. Watson (#29473) (T.A.)
Special Assistant Attorney General
Guice A. Giambrone, III (#25062)
Amanda M. Plaiscia (#35962)
Blue Williams, L.L.C.
3421 N. Causeway Blvd., Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 849-3041
Email: cwatson@bluewilliams.com
Email: ggiambrone@bluewilliams.com
Email: aplaiscia@bluewilliams.com
*Attorneys for Board of Supervisors of Louisiana State University and Agricultural and Mechanical College*

## CERTIFICATE OF SERVICE

I, Amanda M. Plaiscia, certify that on October 10, 2025, a copy of this filing was served contemporaneously on all attorneys of record via the court's CM/ECF system.

*/s/Amanda M. Plaiscia*

#6208834