UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DELORA MOUNT | CIVIL ACTION NO. 2:25-cv-01377 |
| VERSUS | |
| | JUDGE SARAH S. VANCE |
| LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, AND LOUISIANA CHILDREN'S MEDICAL CENTER (D/B/A CHILDREN'S HOSPITAL NEW ORLEANS/MANNING FAMILY CHILDREN'S) | MAGISTRATE JUDGE KAREN WELLS ROBY |

## REPLY MEMORANDUM IN SUPPORT OF LCMC HEALTH'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Louisiana Children's Medical Center d/b/a LCMC Health/Manning Family Children's ("LCMC Health") submits this reply in support of its Partial Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 11). In her Opposition (Rec. Doc. 13), Plaintiff does not dispute that her Louisiana Employment Discrimination Law claims against LCMC Health should be dismissed pursuant to the non-profit exemption. Therefore, the only issue before this Court is whether Plaintiff has sufficiently made out a claim of retaliation under Title VII and for breach of implied covenant of good faith and fair dealing. She has not.

**I.    Plaintiff fails to sufficiently plead a claim for Breach of Implied Covenant of Good Faith and Fair Dealing because she fails to allege a contract with LCMC Health.**

In Plaintiff's Opposition, she makes incorrect statements regarding LCMC Health's position in an attempt to prove that she has sufficiently pled a claim for breach of implied covenant of good faith and fair dealing, when she has not. First, Plaintiff incorrectly states that LCMC Health

"does not dispute that Dr. Mount was a contract employee, not an at-will employee." (Rec. Doc. 13 at p. 9). Because LCMC Health was not Plaintiff's employer and had no contract with Plaintiff at the time of the alleged events in the Complaint, Plaintiff's statement is both inaccurate and irrelevant for purposes of this motion. LCMC Health has not commented, and need not comment, on whether the employment contract between Plaintiff and LSUHSC established a different employment relationship than the default employment-at-will doctrine in Louisiana.

Secondly, Plaintiff's statement that "LCMC does not even dispute that Plaintiff has alleged sufficient facts to show that Dr. Mount's agreement was violated 'with a dishonest or morally questionable motive'" is disingenuous. (*Id.*). LCMC Health states in its motion to dismiss that Plaintiff has not even alleged a contract between herself and LCMC Health, which is a necessary predicate before determining whether that contract was breached with a dishonest and morally questionable motive. If there is no contract between the parties, the inquiry ends there, as there is no agreement to violate regardless of the motive. A claim for breach of this implied covenant of good faith and fair dealing is based on the existence of an underlying contract. *See* La. Civ. Code. art. 1983; *see also Chinook USA, LLC v. Duck Commander Inc.*, No. CV 16-0113, 2017 WL 2805501, at *10 (W.D. La. June 28, 2017), *aff'd sub nom. Chinook USA, L.L.C. v. Duck Commander, Inc.*, 721 F. App'x 361 (5th Cir. 2018). "A breach of the duty of good faith and fair dealing requires a breach of contract." *Schaumburg v. State Farm Mut. Auto. Ins.*, 421 F. App'x 434, 439 (5th Cir. 2011). Absent a breach of contract, there is no independent claim for acting in bad faith. *Tedesco v. Pearson Educ., Inc.*, No. CV 21-199, 2021 WL 2291148, at *12 (E.D. La. June 4, 2021); *see also Filson v. Tulane Univ.*, No. CIV.A. 09-7451, 2010 WL 5477189, at *4 (E.D. La. Dec. 29, 2010) ("In an employment contract, the obligation of good faith and fair dealing is breached where an agreement is violated 'with a dishonest or morally questionable motive.'").

2

Plaintiff now attempts to revive her claim by alleging that there was an oral contract between LCMC Health and herself, yet those allegations do not appear in the Complaint nor any allegations that would even tangentially support the establishment of one. Accordingly, this claim should be dismissed. *Barbe v. A.A. Harmon & Co.*, 94-2423 (La. App. 4 Cir. 1/7/98), 705 So. 2d 1210, 1225 *writ denied,* 98-0526 (La. 5/15/98), 719 So. 2d 462, and *writ denied,* 98-0529 (La. 5/15/98), 719 So. 2d 462 (finding that individual shareholders could not be held liable for breach of implied covenant of good faith as a matter of law because the shareholders were not parties to the employment contract and there was no existence of an oral contract with these individuals).

## II. Plaintiff fails to sufficiently plead a claim for Retaliation under Title VII because she fails to allege that she reported any of her complaints to LCMC Health.

Plaintiff has failed to sufficiently plead a claim for retaliation, specifically the adverse employment action and the causation elements. Plaintiff has only vaguely alleged that, during a July 2023 performance review, she reported "inappropriate behavior including comments regarding a colleague taking a maternity leave" and that she also reported a colleague's experience with sexism/harassment. (Rec. Doc. 1 at ¶¶ 155-56). "An employee has engaged in activity protected by Title VII if she has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Jenkins v. Louisiana Workforce Comm'n*, 713 F. App'x 242, 245-46 (5th Cir. 2017) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (internal citations and quotations omitted)). An employee's complaint to her employer that is vague, "without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Jenkins*, 713 F. App'x at 246 (5th Cir. 2017) (quoting *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (internal citations omitted)). Not only are Plaintiff's

alleged reports extremely vague, but it is also not clear from the allegations in her Complaint whether she engaged in protected activity because she fails to identify to whom at LCMC Health, if anyone, she reported these complaints.

Her failure to identify to whom she reported these complaints also affects causation. To sufficiently plead causation for a retaliation claim, Plaintiff must allege some causal connection between the alleged protected activity (reporting colleague's inappropriate behavior and comments and reporting colleague's experience with sexism/harassment in July 2023) and the adverse employment action (not renewing her contract in January 2024 and placing her on administrative leave in March 2024). Plaintiff has failed to plead a causal link between reporting these complaints to an unknown person and the alleged adverse employment action. Even if the failure to identify who she reported her complaints to is not detrimental to her claim, Plaintiff must demonstrate that LCMC Health knew about her protected activity in order to establish the causation prong of a retaliation claim. *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003) ("We have determined that, in order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity."). Plaintiff has not done so, and her retaliation claim should be dismissed for these reasons.

Further, Plaintiff cannot dispute that the mere timing between her reports and the alleged adverse employment actions is insufficient. *Strong v. U. Healthcare System, L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) ("[W]e affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but for causation. Such a rule would unnecessarily tie the hands of employers."); *Swanson v. GSA*, 110 F.3d 1180, 1188 n.3 (5th Cir. 1997) (rejecting "timing alone" as enough). While at the pleading stage, a plaintiff can establish causation by showing a temporal proximity between the protected activity and the adverse employment action, the temporal

proximity must be very close. *Newell v. Acadiana Plan. Comm'n Inc.*, 637 F. Supp. 3d 419, 434 (W.D. La. 2022). Fifth Circuit jurisprudence suggests that two and one-half months is the longest period that can, without more, show causation for retaliation purposes. *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 578 (5th Cir. 2020), as revised (Aug. 14, 2020) ("We have held that a period of two-and-a-half months, *Garcia*, 938 F.3d at 243, a period of two months, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 995 (5th Cir. 2005), and a period of six-and-a-half weeks, *Porter*, 810 F.3d at 949, are close enough to show a causal connection."). Here, Plaintiff's reporting occurred both five and seven months before the alleged adverse employment actions, which is insufficient to meet the burden of causation at the prima facie case stage.

Plaintiff fails to allege any other facts that support causation. Courts routinely dismiss retaliation claims under Rule 12(b)(6) for similar pleading failures. *Stelly v. Louisiana Through Dep't of Pub. Safety & Corr., Off. of State Police,* No. CV 23-772, 2023 WL 8565854, at *5 (E.D. La. Dec. 11, 2023) ("Stelly offers no facts in support of his allegation that Davis's July 9, 2021 failure to promote Stelly had anything to do with Stelly's complaint to his supervisor; he simply alleges it to be true. Stelly's bare allegation of retaliation thus fails to state a claim upon which relief can be granted."); *Pena v. Dallas Police Ass'n,* No. 3:22-CV-0987-N-BH, 2023 WL 2144296, at *6 (N.D. Tex. Jan. 17, 2023), *report and recommendation adopted,* No. 3:22-CV-0987-N-BH, 2023 WL 2142973 (N.D. Tex. Feb. 21, 2023) (dismissing retaliation claim under Rule 12(b)(6) where plaintiff alleged that defendant retaliated against after he formally complained of discrimination, harassment and retaliation but plaintiff "d[id] not plead specific facts that give rise to a plausible claim that [defendant's] []action was causally connected to his complaints"); *Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2016 WL 339606, at *5 (N.D. Tex. Jan. 28, 2016) (dismissing retaliation claim under Rule 12(b)(6) where plaintiff alleged only conclusory

5

allegations, not specific facts, showing the causal link between the protected activity and the adverse employment action). The result should be the same here.

## **CONCLUSION**

Plaintiff does not dispute that her Louisiana Employment Discrimination Law ("LEDL") claims against LCMC Health should be dismissed. As such, those claims should be dismissed from Plaintiff's Complaint. Plaintiff has failed to plead the elements of her breach of the implied covenant of good faith and fair dealing claim because she has not alleged a contract between herself and LCMC Health. Plaintiff has also failed to plead the protected activity and causation elements of her retaliation claim. Thus, Plaintiff's LEDL claims, breach of the implied covenant of good faith and fair dealing claim, and retaliation claim should be dismissed with prejudice.

Respectfully Submitted:

*/s/ Amy L. McIntire*
Amy L. McIntire (#35241)
A. Elyce Ieyoub (#39918)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Tel: (504) 585-7000
Fax: (504) 585-7075
Email: mcintire@chaffe.com
          elyce.ieyoub@chaffe.com

*Attorneys for Defendant, Louisiana Children's Medical Center d/b/a LCMC Health/Manning Family Children's*