UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Dr. DELORA MOUNT<br><br>                Plaintiff<br><br>v.<br><br>LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, through the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, and LOUISIANA CHILDREN'S MEDICAL CENTER (d/b/a CHILDREN'S HOSPITAL NEW ORLEANS / MANNING FAMILY CHILDREN'S<br><br>Defendants | CIVIL ACTION<br><br>NO. 25-1377<br><br>JUDGE: SARAH S. VANCE<br><br>MAGISTRATE JUDGE:<br>KAREN WELLS ROBY<br><br>JURY DEMANDED |

**MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS
UNDER RULE 12(b)(6)**

Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (Board of Supervisors or LSHUSC),[1] submits the following Memorandum in Support of its Partial Motion to Dismiss Plaintiff's First Amended Complaint (R. Doc. 24):

**I.    Introduction**

This motion is limited solely to Mount's retaliation claim under Title VII. Although Plaintiff expanded the factual allegations in her Amended Complaint in an apparent effort to cure the deficiencies identified by the Court in its Order and Reasons (R. Doc. 19), the amendments

---

[1] The Board of Supervisors is the operative arm of Louisiana State University Health Sciences Center (LSUHSC), charged by Article 8, Section 7 of the Louisiana Constitution of 1974 to supervise and manage the institutions administered through its system. LSUHSC was established under the administration of the Board of Supervisors. Therefore, the correct Defendant is the Board of Supervisors and any reference to the Board of Supervisors includes LSUHSC. *See Mire v. Bd. of Supervisors of Louisiana State Univ.*, No. CV 15-6965, 2016 WL 4761561, at *3 (E.D. La. Sept. 13, 2016); *Schuth v. Louisiana State Univ. Med. Ctr.*, No. CIV. A. 87-4191, 1989 WL 65566, at *9 (E.D. La. June 15, 1989); *Bos. v. Tanner*, 29 F. Supp. 2d 743, 745 (W.D. La. 1998).

1

still fail to plausibly assert a retaliation claim against LSUHSC.

## II.    Law and Argument

### A.  Federal Rules of Civil Procedure 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a plaintiff fails "to state a claim upon which relief can be granted."[2] As the Supreme Court held in *Bell Atlantic Corp. v. Twombly,* the Rule 8 pleading standard does not require "detailed factual allegations," but it does demand more than "labels and conclusions" and a "formulaic recitation of the elements of [the] cause of action."[3] If the factual allegations are insufficient to rise above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.[4] A court does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[5] The bases supporting dismissal of Plaintiff's claims are addressed in turn.

### B.  Mount still fails to state a claim for retaliation under Title VII.

To plausibly allege a prime facie case of retaliation, Mount must plead facts supporting: (1) she participated in an activity protected by Title VII; (2) her employer took adverse action against her; and (3) a causal connection exists between the protected activity and the adverse employment action.[6] Protected activity can consist of either (1) opposing any practice made an unlawful employment practice by Title VII (the opposition clause) or (2) making a charge,

---

[2] Fed.R.Civ.P. 12(b)(6).
[3] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167, 155 L.Ed.2d 929 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[4] *Id.* at 555; *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Carbe v. Lappin,* 492 F.3d 325, 328 & n. 9 (5th Cir.2007).
[5] *Boos v. Globus Med., Inc.,* No. 20-CV-2694, 2021 WL 662128, at *2 (E.D. La. Feb. 19, 2021).
[6] *Hudson v. Lincare, Inc.,* 58 F.4th 222, 231 (5th Cir. 2023).

testifying, assisting, or participating in any manner in an investigation proceeding, or hearing under Title VII (the participation clause).[7]

Mount continues to rely on two alleged complaints as purported protected activity. The amended allegations do not cure the defects previously identified by the Court.

**1. July 2023 Comments**

Mount again alleges that during a July 2023 performance review of a subordinate, she reported disparaging comments by employee M.B. regarding a colleague's maternity leave.[8] In the Amended Complaint, Mount adds that on July 17, 2023, she emailed to Sonia Carter, Director of Ambulatory and Social Services, stating that the performance review was "unfortunately not positive reviews" and offered to provide "more granular examples or additional comments."[9] She also alleges that she detailed the comments in a Google survey completed on July 20, 2023.[10]

The Court previously found the initial allegations to be sufficient at the pleading stage to allege protected activity.[11] However, the new allegations do not strengthen Mount's ability to plead a causal link. Mount does not allege that she actually reported sex-based discrimination to Carter based on the quoted communication, does not allege who received the Google survey, and does not allege that any LSUHSC decisionmaker was aware of either the email or the survey.

**2. November 2023 Report**

Mount also expands her allegations regarding a subordinate surgeon's alleged "experience with sexism/harassment from a male orthopedic surgery colleague."[12] Mount now alleges that the

---

[7] 42 U.S.C. § 2000e–3(a); *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016).
[8] R. Doc. 24, ¶157-158.
[9] *Id.* at ¶159; 161.
[10] *Id.* at ¶160.
[11] R. Doc. 19, p. 8.
[12] R. Doc. 24 at ¶163-164.

3

conduct consisted of "demeaning, angry behavior in the operating room" and "angry, unprofessional text messages", which she "perceived" to be gender-specific.[13] She further alleges that she reported this conduct to Dr. David Yu, Surgeon-in-Chief, and Dr. Tony Gonzales, Service Line Chief of Orthopedic Surgery, in a meeting that occurred on November 17, 2023.[14] Mount also contends that a "range of senior leaders" were aware of her report, identifying only Dr. Mark Kline, a CHNOLA official.[15]

These additions do not materially advance Mount's retaliation claim. To fall within Title VII's opposition clause, a plaintiff must demonstrate that she held an objectively reasonable belief that the conduct she opposed was unlawful under Title VII; a purely subjective belief is insufficient.[16] Plaintiff's amended allegations now underscore that she merely "perceived" the conduct to be gender-based, without alleging that she reported it as sex discrimination or sex-based harassment, or that she otherwise opposed an unlawful employment practice. The new allegations weaken any inference that this constituted protected activity.

### 3. Alleged Adverse Actions

Mount now alleges that after making these complaints, C-suite executives treated her differently, claiming that her emails went unanswered more frequently, proposed initiatives were ignored, meetings were more frequently cancelled, interactions were colder, and unspecified "responsibilities" were shifted to Dr. Masoumy.[17] These allegations do not constitute materially

---

[13] *Id.* at ¶164-165.
[14] *Id.* at ¶166-167.
[15] *Id.* at ¶170.
[16] *Ganheart v. Xavier Univ. of La.*, No. 07-9703, 2009 WL 24227, at *12 (E.D. La. Jan. 2, 2009), aff'd, 347 F. App'x 25 (5th Cir. 2009) (citing *Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 427-428 (5th Cir.2000)).
[17] R. Doc. 24 at ¶171-172.

adverse actions to state a Title VII retaliation claim.[18] The Fifth Circuit has held that criticisms by supervisors, unpleasant work meetings, improper work requests, and unfair treatment do not qualify as adverse actions.[19] The types of workplace issues Mount alleges here are of the same character. Mount further suggests that as a result of her complaints, she was informed on January 8, 2024 that her contract would not be renewed.[20] This conclusory assertion does not establish causation.

### 4. Causal Link

In its Order and Reasons, the Court dismissed Plaintiff's retaliation claim without prejudice, identifying two main pleading defects with respect to the causal link element: (1) the failure to allege that decisionmakers had knowledge of the alleged protected activity, and (2) insufficient temporal proximity to establish causation by timing alone.[21] These deficiencies remain as to LSUHSC.

Mount attempts to address temporal proximity by adding a date in her Amended Complaint (November 17, 2023) for the report of inappropriate conduct by another surgeon and alleging that her non-renewal occurred "seven weeks" later. However, the July 2023 complaint remains separated from the adverse actions alleged by four to six months, which the Court already held was insufficient to establish causation by timing alone.[22] With respect to the November 2023 alleged report, there is still no allegation LSUHSC decisionmakers knew of the alleged protected

---

[18] *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 505 (5th Cir. 2023) ("Title VII…does not permit liability for de minimis workplace trifles.").

[19] *Melancon v. Lafayette Gen. Med. Ctr., Inc.*, No. 22-30704, 2023 WL 6621679, at *3 (5th Cir. Oct. 11, 2023) (citing *Holloway v. Dep't of Veterans Affairs*, 309 F. App'x 816, 819 (5th Cir. 2009); *King v. Louisiana*, 294 F. App'x 77, 84-85 (5th Cir. 2008)).
[20] *Id.* at ¶173-174.
[21] R. Doc. 19, p. 9-11.
[22] R. Doc. 19, p. 10-11.

activity.

To establish a causal link, the plaintiff must allege facts showing that the decisionmaker had knowledge of the protected activity.[23] Plaintiff does not allege that any LSUHSC official involved in the non-renewal or administrative leave decisions had knowledge of either complaint. Instead, she alleges that CHNOLA personnel and unnamed "senior leaders" were aware of her reports, identifying only a CHNOLA executive. Accordingly, the Amended Complaint maintains the deficiency identified in the initial Complaint: it does not connect protected activity to any LSUHSC decisionmakers allegedly responsible for the challenged employment actions.

## III. Conclusion

Mount has expanded her retaliation claim allegations, but she has not cured the defects identified by the Court as to LSHUSC. The First Amended Complaint still fails to plausibly allege the requisite elements for this claim. As such, Plaintiff's Title VII retaliation claim against LSUHSC should be dismissed with prejudice under Rule 12(b)(6). Plaintiff has already been afforded an opportunity to amend, rendering any further amendment futile.[24]

*Signature on following page*

---

[23] *Tureaud v. Grambling State Univ.*, 294 F. App'x 909, 914 (5th Cir. 2008) (citing *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir.1999)).
[24] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 569 (5th Cir. 2003).

Respectfully submitted,

**LIZ MURRILL**
**ATTORNEY GENERAL**

By: */s/ Amanda M. Plaiscia* _____
Craig R. Watson (#29473) (T.A.)
Special Assistant Attorney General
Guice A. Giambrone, III (#25062)
Amanda M. Plaiscia (#35962)
Blue Williams, L.L.C.
3421 N. Causeway Blvd., Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 849-3041
Email: cwatson@bluewilliams.com
Email: ggiambrone@bluewilliams.com
Email: aplaiscia@bluewilliams.com
*Attorneys for the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College*

## CERTIFICATE OF SERVICE

I, Amanda M. Plaiscia, certify that on January 20, 2026, a copy of this filing was served contemporaneously on all attorneys of record via the court's CM/ECF system.

*/s/Amanda M. Plaiscia*