UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DELORA MOUNT | CIVIL ACTION NO. 2:25-cv-01377 |
| VERSUS | |
| | JUDGE SARAH S. VANCE |
| LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, AND LOUISIANA CHILDREN'S MEDICAL CENTER (D/B/A CHILDREN'S HOSPITAL NEW ORLEANS/MANNING FAMILY CHILDREN'S) | MAGISTRATE JUDGE KAREN WELLS ROBY |

## MEMORANDUM IN SUPPORT OF LCMC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Louisiana Children's Medical Center d/b/a LCMC Health/Manning Family Children's ("LCMC") respectfully moves to partially dismiss Plaintiff's First Amended Complaint (Rec. Doc. 24) pursuant to Fed. R. Civ. Proc. 12(b)(6). This Court allowed Plaintiff to amend her complaint to sufficiently state her claims of retaliation and breach of the implied covenant of good faith and fair dealing, but Plaintiff has failed to do so. Thus, Plaintiff's claims of retaliation and breach of the implied covenant of good faith and fair dealing should be dismissed with prejudice.

**FACTUAL BACKGROUND**

Plaintiff's First Amended Complaint (Rec. Doc. 24) is similar to her original Complaint (Rec. Doc. 1). Plaintiff, Dr. Delora Mount, alleges that she is a national expert in craniofacial and pediatric plastic surgery who, in 2021, was recruited by LCMC to move to Louisiana and to serve in a dual role as Section Chief of Pediatric Plastic Surgery at Children's Hospital New Orleans and as a faculty member at LSUHSC. (Rec. Doc. 24 at ¶ 1-2). Under this arrangement, Plaintiff alleges

that both LSUHSC and LCMC were her employers (*Id.* at ¶ 58). Plaintiff moved to Louisiana and began this new job in the summer of 2022. (*Id.* at ¶ 1-2).

Plaintiff alleges that one key aspect of the recruitment was that Defendants wanted her to mentor Dr. Masoumy, a younger male colleague who had completed his clinical fellowship just two years prior. (*Id.* at ¶ 4). Despite having more years of experience, Plaintiff claims she was paid less than Dr. Masoumy and that he was promoted over her. (*Id.*). She further alleges that after Defendants approved her medical leave for surgery, she was handed a dismissal letter stating that her appointment would not be renewed and that her last day would be July 9, 2024. (*Id.* at ¶ 6-7). While on leave, Plaintiff claims that Defendants emailed her to tell her she was being placed on administrative leave with no return date before the end of her contract. (*Id.* at ¶ 8).

Plaintiff asserts claims against LCMC and LSUHSC under Title VII, the Equal Pay Act, and the Rehabilitation Act, and claims against only LCMC under the Americans with Disabilities Act (ADA), the Louisiana Human Rights Act, the Age Discrimination in Employment Act (ADEA), the Family and Medical Leave Act, and the implied covenant of good faith and fair dealing. LCMC seeks partial dismissal of Plaintiff's claims, specifically moving to dismiss Plaintiff's claims of retaliation and breach of the implied covenant of good faith and fair dealing, which are inadequately pled and fail to state a claim.

**LAW AND ARGUMENT**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the

#5786108v1

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

   I.  **Plaintiff fails to sufficiently plead a claim for Breach of Implied Covenant of Good Faith and Fair Dealing**

  In finding that Plaintiff had failed to state a claim for breach of the implied covenant of good faith and fair dealing in her original Complaint, the Court explained that Plaintiff had not alleged an employment contract with LCMC and provided no support for the notion that either the joint/dual employer or borrowed servant doctrines provide a basis for imposing liability. (Rec. Doc. 19 at p. 13). The Court granted Plaintiff leave to amend her Complaint, but she has again failed to sufficiently state a claim for breach of the implied covenant of good faith and fair dealing. To sufficiently allege a prima facie case of breach of the implied covenant of good faith and fair dealing, Plaintiff is required to prove that LCMC violated a contract between Plaintiff and LCMC with a dishonest or morally questionable motive. *Barbe v. A.A. Harmon & Co.*, 94-2423 (La. App. 4 Cir. 1/7/98), 705 So. 2d 1210, 1221, *writ denied*, 98-0526 (La. 5/15/98), 719 So. 2d 462, and *writ denied*, 98-0529 (La. 5/15/98), 719 So. 2d 462. This necessarily requires there to be a contract between the parties. As Plaintiff admits, the formal contract at issue in this case is between Plaintiff and LSUHSC, not Plaintiff and LCMC. (Rec. Doc. 24 at ¶ 54).

  In her First Amended Complaint, Plaintiff attempts to remedy the deficiencies pointed out by this Court by now alleging that an oral agreement existed between herself and LCMC to work as a physician as Children's Hospital in exchange for pay. (Rec. Doc. 24 at ¶ 41). However, she fails to allege any facts that sufficiently support this conclusory allegation, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements are not enough to

survive a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678; *Nix v. Major League Baseball*, 62 F.4th 920, 928 (5th Cir. 2023) ("'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'") (internal citations omitted); *Alexander v. Philip R. Taft Psy D & Assocs., P.L.L.C.*, No. 24-10663, 2025 WL 3714745, at *3 (5th Cir. Dec. 23, 2025) ("While complaints do 'not need detailed factual allegations,' speculative or conclusory statements of fact are insufficient.") (internal citations omitted).

The only new "fact" that Plaintiff alleges in support of the conclusion that she had an oral contract with LCMC is that "[i]f CHNOLA had no contractual employment relationship with Dr. Mount, it would not have directly paid her a $30,000 signing bonus." (Rec. Doc. 24 at ¶ 49). Not only is this "fact" false, but it is also insufficient to support the conclusion that there was an oral contract. The other "facts" Plaintiff claims support the oral contract are the same facts she alleged in her original Complaint to support the allegation that LCMC is her employer under the joint/dual employer doctrine and/or doctrine of the borrowed servant. (Rec. Doc. 24 at ¶ 43-58). As in her original Complaint, Plaintiff fails to provide support for the notion that either of those doctrines provide a basis for imposing liability for a breach of the implied covenant of good faith and fair dealing. Because Plaintiff has not successfully remedied the deficiencies pointed out by the Court in her Complaint, Plaintiff's claim should be dismissed with prejudice. *Barbe*, 705 So. 2d at 1225 (finding that individual shareholders could not be held liable for breach of implied covenant of good faith as a matter of law because the shareholders were not parties to the employment contract and there was no existence of an oral contract with these individuals).

## II. Plaintiff fails to sufficiently plead a claim for Retaliation under Title VII

Despite Plaintiff's opportunity to amend her complaint to sufficiently allege a retaliation claim, she has failed to do so. To sufficiently allege a prima facie case of retaliation, Plaintiff must

#5786108v1

allege that (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal connection exists between the protected activity and the adverse employment action. *Hudson v. Lincare, Inc.*, 58 F. 4th 222, 231 (5th Cir. 2023). Protected activity can consist of either (1) opposing any practice made an unlawful employment practice by Title VII; or (2) making a charge, testifying, assisting, or participating in any manner in an investigation proceeding, or hearing under Title VII. 42 U.S.C. 2000e-3(a); *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016).

Plaintiff has failed to sufficiently plead the required causation element of a retaliation claim under Title VII. To sufficiently plead a causal link between her conduct and the alleged retaliation, Plaintiff must allege facts that plausibly suggest "the employment decision and [her] protected activity were not wholly unrelated." *Medina v. Ramsey Steel Co.,* 238 F.3d 674, 684 (5th Cir. 2001) (cleaned up). Further, Plaintiff must "demonstrate that the decision maker had knowledge of the protected activity." *Tureaud v. v. Grambling State Univ.*, 294 F. App'x 909, 914 (5th Cir. 2008) (citing *Watts v. Kroger Co*., 170 F.3d 505, 512 (5th Cir. 1999)).

As in Plaintiff's original Complaint, she does not sufficiently connect the adverse actions to her protected activity in her First Amended Complaint. Plaintiff's alleged "protected activity" consists of two incidences. First, Plaintiff alleges that in July 2023 she emailed Sonia Carter, the Director of Ambulatory and Social Services, a performance review of a subordinate in which Plaintiff reported inappropriate behavior, including comments regarding a colleague taking a maternity leave. (Rec. Doc. 24 at ¶ 158-159). Plaintiff also alleges that she detailed the comments in a Google survey completed on July 20, 2023. (*Id.* at ¶ 160). Her new allegations do not establish the necessary causal link for her retaliation claim. Plaintiff does not allege that she reported sex-based discrimination to Ms. Carter, who (if anyone) actually received the Google survey, or

5

whether any decisionmaker was aware of the email or the survey. Further, Plaintiff was not passed over for promotion until November 2023, four months after this event, and her dismissal and administrative leave did not occur until January 2024 and beyond. As the Court stated in its Order and Reasons on the motions to dismiss Plaintiff's original Complaint, "[t]he events are not close enough in time to, without more, plausibly show causation for retaliation purposes." (Rec. Doc. 19 at p. 10); *see Everett v. Cent. Miss., Inc. Head Start Program*, 444 F. App'x 38, 47 (5th Cir. 2011) (finding that a five-month period "is not the kind of 'very close' temporal proximity" recognized to establish causality). "Four and six-month lapses are too long to establish a causal connection when plaintiff relies on timing alone." (Rec. Doc. 19 at p. 11). Because Plaintiff relies on timing alone to establish causation and the facts surrounding timing have not changed from the original to the amended complaints, Plaintiff has failed to establish the causal link between the adverse employment actions and her alleged protected activity. *Strong v. U. Healthcare System, L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) ("[W]e affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but for causation. Such a rule would unnecessarily tie the hands of employers."); *Swanson v. GSA*, 110 F.3d 1180, 1188 n.3 (5th Cir. 1997) (rejecting "timing alone" as enough).

      Second, Plaintiff alleges that she made a report to Dr. David Yu, Surgeon in Chief, about a subordinate surgeon's alleged experience with sexism/harassment from a male orthopedic surgery colleague. (Rec. Doc. 24 at ¶ 164-168). Plaintiff claims that the conduct consisted of "demeaning, angry behavior in the operating room" and "angry, unprofessional text messages" that she perceived to be gender specific. (*Id.*). Plaintiff does not state when she made the report. She describes that she met with Dr. Yu on November 17, 2023 for a private meeting in which the male colleague was discussed, but Plaintiff does not describe this meeting as the moment in which

6

she reported the conduct. Further, to fall within Title VII's opposition clause, a plaintiff must demonstrate that she held an objectively reasonable belief that the conduct she opposed was unlawful under Title VII; a purely subjective belief is insufficient. *Ganheart v. Xavier Univ. of La.*, No. 07-9703, 2009 WL 24227, at *12 (E.D. La. Jan. 2, 2009), *aff'd*, 347 F. App'x 25 (5th Cir. 2009) (citing *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427-428 (5th Cir.2000)). Plaintiff's amended allegations that she merely "perceived" the conduct to be gender-based, without alleging that she reported the conduct as sex discrimination or sex-based harassment, or that she otherwise opposed an unlawful employment practice are insufficient to make out a claim. On the face of the First Amended Complaint, we cannot determine whether this rises to the level of protected activity under Title VII. Plaintiff offers only conclusory assertions connecting her reports to the employment decisions at issue. Thus, Plaintiff's retaliation claim fails and should be dismissed.

## CONCLUSION

Plaintiff has had the opportunity to file two complaints (Rec. Doc. 1 and 24) and has still failed to state claims of retaliation and breach of the implied covenant of good faith and fair dealing. Therefore, LCMC respectfully requests the Court to dismiss Plaintiff's claims for retaliation and breach of the implied covenant of good faith and fair dealing with prejudice.

        Respectfully Submitted,

        */s/ Elyce Ieyoub*
        Amy L. McIntire (#35241)
        A. Elyce Ieyoub (#39918)
        **CHAFFE MCCALL, L.L.P.**
        2300 Energy Centre
        1100 Poydras Street
        New Orleans, LA 70163
        Tel: (504) 585-7000
        Fax: (504) 585-7075
        Email: mcintire@chaffe.com
           elyce.ieyoub@chaffe.com
        *Attorneys for Defendant, Louisiana Children's Medical Center d/b/a LCMC Health/Manning Family Children's*