UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Dr. DELORA MOUNT<br><br>Plaintiff<br><br>v.<br><br>LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, through the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, and LOUISIANA CHILDREN'S MEDICAL CENTER (d/b/a CHILDREN'S HOSPITAL NEW ORLEANS / MANNING FAMILY CHILDREN'S<br><br>Defendants | CIVIL ACTION<br><br>NO. 25-1377<br><br>JUDGE: SARAH S. VANCE<br><br>MAGISTRATE JUDGE:<br>KAREN WELLS ROBY<br><br>JURY DEMANDED |

## REPLY MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6)

Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (Board of Supervisors or LSHUSC), submits the following Reply Memorandum in Support of its Partial Motion to Dismiss Plaintiff's First Amended Complaint in response to Plaintiff's Opposition Memorandum:

**1. Mount still fails to state a claim for retaliation under Title VII.**

As LSUHSC acknowledged in its Memorandum, the Court previously found Mount's initial allegations sufficient at the pleading stage to allege protected activity. LSUHSC's Memorandum also explained that Mount's amended allegations weaken the protected activity analysis as to her November 2023 report. Mount now pleads only that she "perceived" the conduct to be gender-based. While a plaintiff need not prove the underlying conduct was actually unlawful to invoke the opposition clause, she must allege facts showing an *objectively* reasonable belief that she was

opposing an unlawful employment practice, not merely a *subjective* perception.[1] Mount's additional allegations therefore call into question whether the second alleged complaint constitutes protected activity, and in any event it does not cure the causation and knowledge defects as to LSUHSC.

The primary defect identified by the Court in its Order and Reasons was Mount's failure to allege that LSUHSC decisionmakers had knowledge of the purported protected activity. This issue remains unaddressed. A minimum requirement of the causation element in a Title VII retaliation claim is that the employer knew about the employee's protected activity.[2] The Fifth Circuit has "consistently required proof of 'actual' decisionmaker knowledge," and has rejected theories based on constructive notice or generalized corporate knowledge.[3] Mount's Amended Complaint does not meet this standard.

In her Opposition, Mount relies on allegations that she reported concerns in November 2023 to Dr. David Yu and Dr. Tony Gonzales, stating that they are or were LSUHSC faculty members and citing to LSUHSC's website as to Dr. Gonzales' faculty member listing.[4] Any faculty status alone does not establish decision-making authority, participation in contract-renewal decisions, or communication with those who made the challenged decisions. Mount does not allege that Dr. Yu or Dr. Gonzales participated in, influenced, or even communicated with LSUHSC officials regarding the non-renewal of her contract. Mount's attempt to cure the Court's temporal proximity

---

[1] *Ganheart v. Xavier Univ. of La.*, No. 07-9703, 2009 WL 24227, at *12 (E.D. La. Jan. 2, 2009), aff'd, 347 F. App'x 25 (5th Cir. 2009) (citing *Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 427-428 (5th Cir.2000)).
[2] *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003).
[3] *Hauser v. Schneider Elec. Sys. USA, Inc.*, 819 F. App'x 247, 250–51 (5th Cir. 2020) (citing *Robinson v. Jackson State Univ.*, 714 F. App'x 354, 360 (5th Cir. 2017) (per curiam)).
[4] R. Doc. 29, p. 9.

concerns by adding the November 17, 2023 date cannot substitute for decisionmaker knowledge.[5]

Mount also contends in her Opposition that the alleged changes in workplace dynamics (e.g., colder interactions, canceled meetings, and ignored proposed initiates) supports an inference that the non-renewal of her contract was retaliatory.[6] She confirms that she is not alleging these actions as adverse employment actions themselves. However, these allegations are untethered to LSUHSC decisionmakers. Mount attributes this conduct generally to unnamed "C-suite executives" and a "senior doctor," without alleging that any of these individuals were LSUHSC officials involved in the non-renewal decision.[7] As pled, the alleged workplace dynamics are generalized and are not attributed to any LSUHSC decisionmaker with authority over Mount's contract. Mount does not allege who actually engaged in this conduct, whether those individuals had authority over her faculty appointment, or whether they participated in or influenced the non-renewal decision. Absent such allegations, these asserted changes in workplace treatment cannot cure the causation defect identified by the Court.

Further, Mount does not allege that her July 2023 email to Sonia Carter (who is not alleged to be a LSUHSC decisionmaker) or her Google survey entry concerning alleged disparaging comments about a colleague's maternity leave was ever communicated to any LSUHSC official involved in the employment decisions at issue. These complaints remain disconnected from the non-renewal decision as to LSUHSC. Moreover, the July 2023 allegations are separated from the non-renewal decision by four to six months, which is precisely the temporal gap the Court previously found insufficient to plausibly allege causation. The July 2023 complaint allegations

---

[5] *Hauser*, 819 F. App'x at 250-51 ("A *minimum requirement* of causation is that the 'employer knew about the employee's protected activity.'") (emphasis added).
[6] R. Doc. 29, p. 9.
[7] R. Doc. 25, ¶171-72.

therefore should be dismissed.

For these reasons and the reasons set forth in LSUHSC's initial Memorandum in Support, Plaintiff's Title VII retaliation claim against LSUHSC should be dismissed under Rule 12(b)(6) with prejudice.

>Respectfully submitted,
>
>**LIZ MURRILL**
>**ATTORNEY GENERAL**
>
>By: */s/ Amanda M. Plaiscia*
>Craig R. Watson (#29473) (T.A.)
>Special Assistant Attorney General
>Guice A. Giambrone, III (#25062)
>Amanda M. Plaiscia (#35962)
>Blue Williams, L.L.C.
>3421 N. Causeway Blvd., Suite 900
>Metairie, Louisiana 70002
>Telephone: (504) 831-4091
>Facsimile: (504) 849-3041
>Email: cwatson@bluewilliams.com
>Email: ggiambrone@bluewilliams.com
>Email: aplaiscia@bluewilliams.com
>*Attorneys for Louisiana State University*
>*Health Sciences Center, through the Board*
>*of Supervisors of Louisiana State University*
>*and Agricultural and Mechanical College*

## **CERTIFICATE OF SERVICE**

I, Amanda M. Plaiscia, certify that on February 2, 2026, a copy of this filing was served contemporaneously on all attorneys of record via the court's CM/ECF system.

>*/s/Amanda M. Plaiscia*