UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. DELORA MOUNT** | **CIVIL ACTION NO. 2:25-cv-01377** |
| **VERSUS** | |
| | **JUDGE SARAH S. VANCE** |
| **LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, AND LOUISIANA CHILDREN'S MEDICAL CENTER (D/B/A CHILDREN'S HOSPITAL NEW ORLEANS/MANNING FAMILY CHILDREN'S)** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

**REPLY MEMORANDUM IN SUPPORT OF LCMC'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Louisiana Children's Medical Center d/b/a LCMC Health/Manning Family Children's ("LCMC") submits this reply in support of its Partial Motion to Dismiss Plaintiff's First Amended Complaint (Rec. Doc. 26). Despite Plaintiff's arguments in opposition to LCMC's motion, Plaintiff has not sufficiently made out a claim of retaliation under Title VII and for breach of implied covenant of good faith and fair dealing.

**I.   Plaintiff fails to sufficiently plead a claim for Breach of Implied Covenant of Good Faith and Fair Dealing.**

In Plaintiff's Opposition, she argues that she has sufficiently pled a claim for breach of the implied duty of good faith and fair dealing, pointing to her conclusory allegation that there was an oral contract between herself and LCMC. However, Plaintiff's conclusory allegation and the facts she claims support that conclusion (including but not limited to LCMC paying her signing bonus) fail to establish the essential elements of an enforceable oral contract under Louisiana law. While LCMC paid Plaintiff's signing bonus, this action is consistent with LCMC's role as a partner

#5811682v1

institution to LSUHSC without creating a direct employment contract. Further, the December 2021 letter that Plaintiff attached to her opposition (while improper for consideration on a 12(b)(6) Motion to Dismiss[1]) explicitly frames LCMC's financial contributions as "commitments" in addition to Dr. Mount's *actual offer letter* from LSUHSC, not as an independent contract. The letter states LCMC would pay "salary support" to LSUHSC, not directly to Dr. Mount. The signing bonus and this letter are not evidence of an employment contract. Further, even taking Plaintiff's allegations as true, including those of LCMC's recruitment of Plaintiff or control of aspects of her job, these allegations do not establish an oral contract between the two parties. Accordingly, this claim should be dismissed. *Spillway Investments, L.L.C. v. Pilot Travel Centers LLC*, 2005 WL 517498, at *7 (E.D. La. 2005) ("where no enforceable contract exists, no covenant of good faith and fair dealing can be implied.").

## II.     Plaintiff fails to sufficiently plead a claim for Retaliation under Title VII.

Plaintiff has failed to sufficiently plead a claim for retaliation, specifically the causation element. To sufficiently plead causation for a retaliation claim, Plaintiff must allege some causal connection between the alleged protected activity (reporting colleague's inappropriate behavior and comments in July 2023 and reporting colleague's experience with sexism/harassment some time before November 2023) and the adverse employment action (not renewing her contract in January 2024 and placing her on administrative leave in March 2024). Plaintiff has failed to plead a causal link between reporting these complaints and the alleged adverse employment action. Her first alleged complaint was made in July 2023 and for her second complaint, the timing is unclear.

---

[1] Under Federal Rule of Civil Procedure 12(d), "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." LCMC respectfully requests the opportunity to adequately respond should the Court consider the attachment and this motion be converted into a motion for summary judgment.

Plaintiff argues in her opposition that her second complaint was clearly made on November 17, 2023; however, taking the allegations in the Amended Complaint as true, it reads as though her complaint was made prior to the November 17, 2023 meeting in which the colleague complained of was discussed. Thus, the timing between her complaints and the alleged adverse employment activity does not appear to be fewer than seven weeks apart, as argued in her opposition.

Further, Plaintiff does not allege that her July 2023 email to Sonia Carter or the Google survey she filled out regarding comments about a colleague's maternity leave were ever communicated to any LCMC official involved in the employment decisions at issue. She also fails to identify which "C-suite executives" and "senior doctor" she alleges treated her differently and changed the workplace dynamics following her complaints. Without knowing who actually engaged in this conduct, whether those individuals had authority over her faculty appointment, or whether they participated in or influenced the non-renewal decision, the alleged changes in workplace treatment cannot cure the causation defect identified by the Court.

Plaintiff fails to allege any other sufficient facts that support causation. Courts routinely dismiss retaliation claims under Rule 12(b)(6) for similar pleading failures. *Stelly v. Louisiana Through Dep't of Pub. Safety & Corr., Off. of State Police,* No. CV 23-772, 2023 WL 8565854, at *5 (E.D. La. Dec. 11, 2023) ("Stelly offers no facts in support of his allegation that Davis's July 9, 2021 failure to promote Stelly had anything to do with Stelly's complaint to his supervisor; he simply alleges it to be true. Stelly's bare allegation of retaliation thus fails to state a claim upon which relief can be granted."); *Pena v. Dallas Police Ass'n,* No. 3:22-CV-0987-N-BH, 2023 WL 2144296, at *6 (N.D. Tex. Jan. 17, 2023), *report and recommendation adopted,* No. 3:22-CV-0987-N-BH, 2023 WL 2142973 (N.D. Tex. Feb. 21, 2023) (dismissing retaliation claim under Rule 12(b)(6) where plaintiff alleged that defendant retaliated against after he formally complained

#5811682v1

of discrimination, harassment and retaliation but plaintiff "d[id] not plead specific facts that give rise to a plausible claim that [defendant's] []action was causally connected to his complaints"); *Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2016 WL 339606, at *5 (N.D. Tex. Jan. 28, 2016) (dismissing retaliation claim under Rule 12(b)(6) where plaintiff alleged only conclusory allegations, not specific facts, showing the causal link between the protected activity and the adverse employment action).  The result should be the same here.

## CONCLUSION

Plaintiff has again failed to plead the elements of her breach of the implied covenant of good faith and fair dealing claim and to plead the causation element of her retaliation claim.  Thus, these two claims should be dismissed with prejudice.

Respectfully Submitted:

*/s/ A. Elyce Ieyoub*
Amy L. McIntire (#35241)
A. Elyce Ieyoub (#39918)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Tel:  (504) 585-7000
Fax:  (504) 585-7075
Email:  mcintire@chaffe.com
           elyce.ieyoub@chaffe.com

*Attorneys for Defendant, Louisiana Children's Medical Center d/b/a LCMC Health/Manning Family Children's*

#5811682v1