UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Dr. DELORA MOUNT

           Plaintiff

v.

LOUISIANA STATE UNIVERSITY HEALTH
SCIENCES CENTER, through the BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE, and LOUISIANA
CHILDREN'S MEDICAL CENTER (d/b/a
CHILDREN'S HOSPITAL NEW ORLEANS /
MANNING FAMILY CHILDREN'S

Defendant

CIVIL ACTION

NO. 25-1377

JUDGE: SARAH S. VANCE

MAGISTRATE JUDGE:
KAREN WELLS ROBY

JURY DEMANDED

**AFFIRMATIVE DEFENSES AND ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Board of Supervisors of Louisiana State University and Agricultural and

Mechanical College (Board of Supervisors or LSHUSC),[1] answers Plaintiff's First Amended

Complaint (R. Doc. 24) (hereinafter "Amended Complaint") as follows:

**FIRST DEFENSE**

Plaintiff fails to state a claim and has no right or cause of action upon which relief can be

granted, including but not limited to a private action against Defendant for retaliation under Section

504 of the Rehabilitation Act.

---

[1] The Board of Supervisors is the operative arm of Louisiana State University Health Sciences Center
(LSUHSC), charged by Article 8, Section 7 of the Louisiana Constitution of 1974 to supervise and manage
the institutions administered through its system. LSUHSC was established under the administration of the
Board of Supervisors. Therefore, the correct Defendant is the Board of Supervisors and any reference to
the Board of Supervisors includes LSUHSC. *See Mire v. Bd. of Supervisors of Louisiana State Univ.*, No.
CV 15-6965, 2016 WL 4761561, at *3 (E.D. La. Sept. 13, 2016); *Schuth v. Louisiana State Univ. Med.
Ctr.*, No. CIV. A. 87-4191, 1989 WL 65566, at *9 (E.D. La. June 15, 1989); *Bos. v. Tanner*, 29 F. Supp. 2d
743, 745 (W.D. La. 1998).

#6623620

## SECOND DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of after-acquired evidence, waiver, laches, estoppel, consent, and ratification.

## THIRD DEFENSE

Plaintiff's own actions and omissions including but not limited to breach of contract, unclean hands, bad faith, non-performance, improper notice of breach, and retraction, bars, estops and/or waives the asserted claims and any damages allegedly caused, in whole or in-part.

## FOURTH DEFENSE

Plaintiff's damages, if any, are barred in whole or in-part as Plaintiff's both impliedly and expressly consented, acknowledged, and ratified the act(s) causing the alleged harm.

## FIFTH DEFENSE

Plaintiff's damages, if any, are barred in whole or in-part by the doctrines and principles of equity, estoppel, waiver, failure of want of consideration, payment and compensation, detrimental reliance, transaction and compromise, accord and satisfaction, unjust enrichment, substantial compliance, and *force majeure*.

## SIXTH DEFENSE

Plaintiff failed to mitigate damages, which bars or limits her recovery in this matter.

## SEVENTH DEFENSE

Plaintiff's damages, if any, were caused or contributed to by the fault of a third party(ies) over whom Defendants has neither control nor responsibility.

## EIGHTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by her sole fault.

## NINTH DEFENSE

Plaintiff suffered no actual injury, which bars her recovery in this matter.

#6623620

## **TENTH DEFENSE**

Defendant is entitled to indemnity, defense, reimbursement, and award of attorney's fees, costs, and expenses, and any applicable offset or credit from Plaintiff as allowable under law or contract.

## **ELEVENTH DEFENSE**

At all times, Defendant acted in good faith and based on legitimate, nondiscriminatory and nonretaliatory reasons.

## **TWELFTH DEFENSE**

Plaintiff's Amended Complaint (nor the allegations set forth in her initial Complaints) do not rise to the level of adverse employment actions.

## **THIRTEENTH DEFENSE**

Defendant's alleged actions, including any decisions related to pay as to Plaintiff and any established similarly situated employees, were taken based on bona fide occupational qualifications, seniority system, system measuring earnings by quantity or quality of production, and/or merit system.

## **FOURTEENTH DEFENSE**

No action taken by Defendant with respect to Plaintiff's employment was motivated in whole or in part by any legally protected activity in which Plaintiff may have engaged.

## **FIFTEENTH DEFENSE**

Neither Defendant nor any of its employees acted with malice or reckless indifference to Plaintiff's federally protected rights.

## **SIXTEENTH DEFENSE**

Plaintiff was paid by Defendant in compliance with all applicable state and federal law,

or believed in good faith that it was doing so and/or had done so.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to any legal, equitable, declaratory, or monetary relief whatsoever, including, but not limited to, compensatory damages, liquidated damages, nominal damages, attorneys' fees, expert fees, or any other relief from Defendant.

### EIGHTEENTH DEFENSE

No similarly situated comparator outside Plaintiff's protected class was treated more favorably under nearly identical circumstances.

### NINETEENTH DEFENSE

Plaintiff is not entitled to any liquidated damages because any alleged acts or omissions of Defendant were made in good faith, and upon reasonable grounds for believing that the alleged acts or omissions did not violate the law.

### TWENTIETH

Plaintiff knew or should have known of the alleged causes of action, including but not limited to the alleged discriminatory act, alleged retaliation, alleged failure to accommodate, alleged notice of non-renewal, alleged adverse action, and failed to filed suit within the applicable statute of limitations and/or prescriptive period and therefore Plaintiff's claims, cause of actions, and entitlement to damages are barred in whole or in part.

### TWENTY-FIRST DEFENSE

Plaintiff's claims fail because she does not meet the definition of disabled, was not regarded as disabled, and was neither discriminated nor retaliated against. or alternatively Defendant provided reasonable accommodation through good faith efforts.

## TWENTY-SECOND DEFENSE

Defendant would have taken the same alleged adverse action regardless of any alleged discriminatory motive.

## TWENTY-THIRD DEFENSE

Defendant reserves its right to modify its Answer and/or assert additional affirmative defenses should it become aware of additional defenses during the course of discovery, as set forth in Federal Rule of Civil Procedure 8.

ANSWERING FURTHER, Defendant respectfully represents:

1.

The allegations contained in paragraph 1 of Plaintiff's Amended Complaint are admitted as to the allegations that Plaintiff is a physician in the field of craniofacial and pediatric plastic surgery, including the repair of cleft lip and palate birth defects and other congenital and traumatic facial abnormalities in children and infants. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in paragraph 2 of Plaintiff's Amended Complaint are admitted as to the allegations that Plaintiff previously was a Professor and Chief at the University of Wisconsin and that Plaintiff began her new job with LSUHSC and Children's Hospital in the summer of 2022. The remaining allegations are denied as written.

3.

The allegations contained in paragraph 3 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph 4 of Plaintiff's Amended Complaint are denied as written.

5.

The allegations contained in paragraph 5 of Plaintiff's Amended Complaint are denied as written.

6.

The allegations contained in paragraph 6 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 of Plaintiff's Amended Complaint are denied as written. Further, the allegations regarding the letter referenced in this paragraph is the best evidence of its contents.

8.

The allegations contained in paragraph 8 of Plaintiff's Amended Complaint are denied as written. Further, the allegations regarding the email correspondence referenced in this paragraph is the best evidence of its contents.

9.

The allegations contained in paragraph 9 of Plaintiff's Amended Complaint as to the allegations of "immoral and illegal" actions against Dr. Mount are denied. The remaining allegations are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

10.

The allegations contained in paragraph 10 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

11.

The allegations contained in paragraph 11 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph 12 of Plaintiff's Amended Complaint are denied.

13.

The allegations contained in paragraph 13 of Plaintiff's Amended Complaint are denied.

14.

The allegations contained in paragraph 14 of Plaintiff's Amended Complaint do not require a response from this Defendant. Out of an abundance of caution, Defendant does not dispute jurisdiction in this matter, however, the allegations are denied to the extent that they allege any liability against Defendant. Further, the Americans with Disabilities Amendment Act, Age Discrimination in Employment Act, and Family and Medical Leave Act claims do not apply to this Defendant (See R. Doc. 19).

15.

The allegations contained in paragraph 15 of Plaintiff's Amended Complaint do not require a response from this Defendant. However, out of an abundance of caution, the allegations are denied to the extent that they allege any liability against Defendant. Further, diversity jurisdiction is unavailable as to this Defendant.

16.

The allegations contained in paragraph 16 of Plaintiff's Amended Complaint do not require a response from this Defendant. However, out of an abundance of caution, the allegations are denied to the extent that they allege any liability against Defendant. Further, the state law claims asserted do not apply to this Defendant (See R. Doc. 19).

17.

The allegations contained in paragraph 17 of Plaintiff's Amended Complaint do not require a response from this Defendant. Out of an abundance of caution, Defendant does not dispute venue in this matter, however, the allegations are denied to the extent that they allege any liability against Defendant.

18.

The allegations contained in paragraph 18 of Plaintiff's Amended Complaint are admitted as to the allegations that Plaintiff is a person of the full age of majority who at times lived in New Orleans, Louisiana. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in paragraph 19 of Plaintiff's Amended Complaint are admitted except that any allegations intended to allege any liability against Defendant are denied.

20.

The allegations contained in paragraph 20 of Plaintiff's Amended Complaint do not call for a response from this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

#6623620

21.

The allegations contained in paragraph 21 of Plaintiff's Amended Complaint are admitted as to the allegations that Plaintiff is a physician in the field of craniofacial and pediatric plastic surgery. The remaining allegations are denied as written.

22.

The allegations contained in paragraph 22 of Plaintiff's Amended Complaint are admitted as to the allegations that Plaintiff previously worked as a professor and surgeon at the University of Wisconsin. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in paragraph 23 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in paragraph 24 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in paragraph 25 of Plaintiff's Amended Complaint are denied as written.

26.

The allegations contained in paragraph 26 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in paragraph 27 of Plaintiff's Amended Complaint are denied

for lack of sufficient information to justify a belief therein.

28.

The allegations contained in paragraph 28 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

29.

The allegations contained in paragraph 29 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in paragraph 30 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in paragraph 31 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in paragraph 32 of Plaintiff's Amended Complaint are denied as written.

33.

The allegations contained in paragraph 33 of Plaintiff's Amended Complaint are denied as written. Further, any written offer is the best evidence of its contents.

34.

The allegations contained in paragraph 34 of Plaintiff's Amended Complaint are denied as written. Further, any written acceptance is the best evidence of its contents.

35.

The allegations contained in paragraph 35 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein. Further, the referenced press release is the best evidence of its contents.

36.

The allegations contained in paragraph 36 of Plaintiff's Amended Complaint are denied.

37.

The allegations contained in paragraph 37 of Plaintiff's Amended Complaint are admitted as to the allegations that Defendant entered into a services agreement with LCMC Health. The remaining allegations are denied for lack of sufficient information to justify a belief therein. Further, the referenced agreement is the best evidence of its contents.

38.

The allegations contained in paragraph 38 of Plaintiff's Amended Complaint are denied as written. Further, the referenced agreement is the best evidence of its contents.

39.

The allegations contained in paragraph 39 of Plaintiff's Amended Complaint are admitted.

40.

The allegations contained in paragraph 40 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

41.

The allegations contained in paragraph 41 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for

lack of sufficient information to justify a belief therein.

42.

The allegations contained in paragraph 42 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in paragraph 43 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in paragraph 44 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

45.

The allegations contained in paragraph 45 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in paragraph 46 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

47.

The allegations contained in paragraph 47 of Plaintiff's Amended Complaint are not

#6623620

directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in paragraph 48 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

49.

The allegations contained in paragraph 49 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

50.

The allegations contained in paragraph 50 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

51.

The allegations contained in paragraph 51 of Plaintiff's Amended Complaint are denied.

52.

The allegations contained in paragraph 52 of Plaintiff's Amended Complaint are denied.

53.

The allegations contained in paragraph 53 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

#6623620

54.

The allegations contained in paragraph 54 of Plaintiff's Amended Complaint are denied as written.

55.

The allegations contained in paragraph 55 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

56.

The allegations contained in paragraph 56 of Plaintiff's Amended Complaint are denied as written.

57.

The allegations contained in paragraph 57 of Plaintiff's Amended Complaint denied because they call for a legal conclusion. However, it is admitted that LSHUSC employed Plaintiff. The remaining allegations as to LCMC Health/Children's Hospital is not directed to this Defendant.

58.

The allegations contained in paragraph 58 of Plaintiff's Amended Complaint are denied as written.

59.

The allegations contained in paragraph 59 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

60.

The allegations contained in paragraph 60 of Plaintiff's Amended Complaint regarding

14
#6623620

Plaintiff's hire date are admitted. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

61.

The allegations contained in paragraph 61 of Plaintiff's Amended Complaint are denied as written.

62.

The allegations contained in paragraph 62 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

63.

The allegations contained in paragraph 63 of Plaintiff's Amended Complaint, including all subparts, are denied as written and for lack of sufficient information to justify a belief therein.

64.

The allegations contained in paragraph 64 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

65.

The allegations contained in paragraph 65 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in paragraph 66 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in paragraph 67 of Plaintiff's Amended Complaint are not directed to this Defendant. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

68.

The allegations contained in paragraph 68 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in paragraph 69 of Plaintiff's Amended Complaint are denied as written.

70.

The allegations contained in paragraph 70 of Plaintiff's Amended Complaint are denied as written.

71.

The allegations contained in paragraph 71 of Plaintiff's Amended Complaint are denied as written.

72.

The allegations contained in paragraph 72 of Plaintiff's Amended Complaint are denied as written.

73.

The allegations contained in paragraph 73 of Plaintiff's Amended Complaint are denied as written.

#6623620

74.

The allegations contained in paragraph 74 of Plaintiff's Amended Complaint are denied as written.

75.

The allegations contained in paragraph 75 of Plaintiff's Amended Complaint are admitted as to the allegations that the interim position was not a promotion. The remaining allegations are denied as written.

76.

The allegations contained in paragraph 76 of Plaintiff's Amended Complaint are denied.

77.

The allegations contained in paragraph 77 of Plaintiff's Amended Complaint are admitted as to the allegations that Dr. Masoumy was appointed as the Interim Chief of the Division of Plastic and Reconstructive Surgery in November 2023. The remaining allegations are denied as written.

78.

The allegations contained in paragraph 78 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in paragraph 79 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

80.

The allegations contained in paragraph 80 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

81.

The allegations contained in paragraph 81 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

82.

The allegations contained in paragraph 82 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

83.

The allegations contained in paragraph 83 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

84.

The allegations contained in paragraph 84 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

85.

The allegations contained in paragraph 85 of Plaintiff's Amended Complaint are denied as written.

86.

The allegations contained in paragraph 86 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

87.

The allegations contained in paragraph 87 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

88.

The allegations contained in paragraph 88 of Plaintiff's Amended Complaint are denied as

written and for lack of sufficient information to justify a belief therein.

89.

The allegations contained in paragraph 89 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

90.

Defendant admits that Plaintiff requested leave and avers that the referenced document is the best evidence of its contents. All remaining allegations contained in paragraph 90 of Plaintiff's Amended Complaint are denied as written.

91.

Defendant admits that Plaintiff's requested leave was approved and avers that the referenced document is the best evidence of its contents. All remaining allegations contained in paragraph 91 of Plaintiff's Amended Complaint are denied as written.

92.

The allegations contained in paragraph 92 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

93.

The allegations contained in paragraph 93 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein. Further, the referenced document is the best evidence of its contents.

94.

Defendant admits that a meeting was held with Plaintiff and avers that the referenced document is the best evidence of its contents. All remaining allegations contained in paragraph 94 of Plaintiff's Amended Complaint are denied as written.

95.

The allegations contained in paragraph 95 of Plaintiff's Amended Complaint are denied as written.

96.

The allegations contained in paragraph 96 of Plaintiff's Amended Complaint are admitted as to the allegations quoting the referenced document and avers that the referenced document is the best evidence of its contents. Any remaining allegations are denied as written.

97.

The allegations contained in paragraph 97 of Plaintiff's Amended Complaint are denied as written.

98.

The allegations contained in paragraph 98 of Plaintiff's Amended Complaint are denied as written.

99.

The allegations contained in paragraph 99 of Plaintiff's Amended Complaint are denied as written.

100.

The allegations contained in paragraph 100 of Plaintiff's Amended Complaint are denied.

101.

The allegations contained in paragraph 101 of Plaintiff's Amended Complaint are denied as written.

102.

The allegations contained in paragraph 102 of Plaintiff's Amended Complaint are denied

for lack of sufficient information to justify a belief therein.

103.

The allegations contained in paragraph 103 of Plaintiff's Amended Complaint are denied as written.

104.

The allegations contained in paragraph 104 of Plaintiff's Amended Complaint are denied.

105.

The allegations contained in paragraph 105 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

106.

The allegations contained in paragraph 106 of Plaintiff's Amended Complaint are denied as written.

107.

The allegations contained in paragraph 107 of Plaintiff's Amended Complaint are denied as written.

108.

The allegations contained in paragraph 108 of Plaintiff's Amended Complaint are admitted as to the allegations that Plaintiff was paid during the time alleged. The remaining allegations are denied as written.

109.

The allegations contained in paragraph 109 of Plaintiff's Amended Complaint are denied as written.

110.

The allegations contained in paragraph 110 of Plaintiff's Amended Complaint are denied as written.

111.

The allegations contained in paragraph 111 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

112.

The allegations contained in paragraph 112 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

113.

The allegations contained in paragraph 113 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

114.

In response to paragraph 114 of Plaintiff's Amended Complaint, Defendant admits that the email communication was received from Plaintiff and avers that the referenced document is the best evidence of its contents. To the extent the allegations purport to characterize or paraphrase the contents of the email, they are denied as written.

115.

In response to paragraph 115 of Plaintiff's Amended Complaint, Defendant admits that the email communication was sent to Plaintiff and avers that the referenced document is the best evidence of its contents. To the extent the allegations purport to characterize or paraphrase the contents of the email, they are denied as written.

116.

The allegations contained in paragraph 116 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

117.

The allegations contained in paragraph 117 of Plaintiff's Amended Complaint are admitted as to the allegations quoting the referenced email correspondence and avers that the referenced email is the best evidence of its contents. To the extent the allegations purport to characterize or paraphrase the contents of the email, they are denied as written.

118.

The allegations contained in paragraph 118 of Plaintiff's Amended Complaint are admitted as to the allegations quoting the referenced email correspondence and avers that the referenced email is the best evidence of its contents. To the extent the allegations purport to characterize or paraphrase the contents of the email, they are denied as written.

119.

The allegations contained in paragraph 119 of Plaintiff's Amended Complaint are denied as written.

120.

The allegations contained in paragraph 120 of Plaintiff's Amended Complaint are denied as written.

121.

The allegations contained in paragraph 121 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

122.

The allegations contained in paragraph 122 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

123.

In response to paragraph 123 of Plaintiff's Amended Complaint, Defendant admits that the email communication was sent by Dr. Masoumy and avers that the referenced document is the best evidence of its contents. To the extent the allegations purport to characterize or paraphrase the contents of the email, they are denied as written.

124.

In response to paragraph 124 of Plaintiff's Amended Complaint, Defendant admits that the email communication was sent by Dr. Masoumy and avers that the referenced document is the best evidence of its contents. To the extent the allegations purport to characterize or paraphrase the contents of the email, they are denied as written.

125.

The allegations contained in paragraph 125 of Plaintiff's Amended Complaint are denied as written.

126.

The allegations contained in paragraph 126 of Plaintiff's Amended Complaint are denied.

127.

The allegations contained in paragraph 127 of Plaintiff's Amended Complaint are denied as written.

128.

The allegations contained in paragraph 128 of Plaintiff's Amended Complaint are denied

as written and for lack of sufficient information to justify a belief therein.

129.

The allegations contained in paragraph 129 of Plaintiff's Amended Complaint are denied.

130.

The allegations contained in paragraph 130 of Plaintiff's Amended Complaint are denied.

131.

The allegations contained in paragraph 131 of Plaintiff's Amended Complaint are denied as written.

132.

The allegations contained in paragraph 132 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

133.

The allegations contained in paragraph 133 of Plaintiff's Amended Complaint are admitted as to the allegation that Plaintiff filed an EEOC charge against this Defendant. All remaining allegations are denied for lack of sufficient information to justify a belief therein.

134.

The allegations contained in paragraph 134 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

135.

The allegations contained in paragraph 135 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

136.

The allegations contained in paragraph 136 of Plaintiff's Amended Complaint are denied

as written. Further, the referenced Memorandum is the best evidence of its contents.

137.

The allegations contained in paragraph 137 of Plaintiff's Amended Complaint are denied as written.

138.

The allegations contained in paragraph 138 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

139.

The allegations contained in paragraph 139 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

140.

The allegations contained in paragraph 140 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

141.

The allegations contained in paragraph 141 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

142.

The allegations contained in paragraph 142 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

143.

The allegations contained in paragraph 143 of Plaintiff's Amended Complaint are denied as written.

144.

The allegations contained in paragraph 144 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

145.

The allegations contained in paragraph 145 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

146.

The allegations contained in paragraph 146 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

147.

The allegations contained in paragraph 147 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

148.

The allegations contained in paragraph 148 of Plaintiff's Amended Complaint are denied as written.

149.

The allegations contained in paragraph 149 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

150.

The allegations contained in paragraph 150 of Plaintiff's Amended Complaint are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

151.

The allegations contained in paragraph 151 of Plaintiff's Amended Complaint, including

all subparts, are denied as written. Further, the referenced Memorandum is the best evidence of its contents.

152.

In response to paragraph 152 of Plaintiff's Amended Complaint, Defendant reincorporates its responses to each of the paragraphs of Plaintiff's Amended Complaint.

153.

The allegations contained in paragraph 153 of Plaintiff's Amended Complaint are denied as they call for a legal conclusion. Any remaining allegations regarding this Defendant are denied.

154.

The allegations contained in paragraph 154 of Plaintiff's Amended Complaint are denied as they call for a legal conclusion. Any remaining allegations regarding this Defendant are denied.

155.

The allegations contained in paragraph 155 of Plaintiff's Amended Complaint are denied.

156.

The allegations contained in paragraph 156 of Plaintiff's Amended Complaint are denied.

157.

The allegations contained in paragraph 157 of Plaintiff's Amended Complaint are denied.

158.

The allegations contained in paragraph 158 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

159.

The allegations contained in paragraph 159 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

160.

The allegations contained in paragraph 160 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

161.

The allegations contained in paragraph 161 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

162.

The allegations contained in paragraph 162 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

163.

The allegations contained in paragraph 163 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

164.

The allegations contained in paragraph 164 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

165.

The allegations contained in paragraph 165 of Plaintiff's Amended Complaint are denied as written and for lack of sufficient information to justify a belief therein.

166.

The allegations contained in paragraph 166 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

167.

The allegations contained in paragraph 167 of Plaintiff's Amended Complaint are denied

for lack of sufficient information to justify a belief therein.

168.

The allegations contained in paragraph 168 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

169.

The allegations contained in paragraph 169 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

170.

The allegations contained in paragraph 170 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief herein as to the allegations directed to LCMC Health/Children's Hospital employees. Any allegations intended to be directed to this Defendant are denied.

171.

The allegations contained in paragraph 171 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief herein as to the allegations directed to LCMC Health/Children's Hospital employees. Any allegations intended to be directed to this Defendant are denied.

172.

The allegations contained in paragraph 172 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief herein as to allegations directed to LCMC Health/Children's Hospital employees. Any allegations intended to be directed to this Defendant are denied as written.

173.

The allegations contained in paragraph 173 of Plaintiff's Amended Complaint are denied.

174.

The allegations contained in paragraph 174 of Plaintiff's Amended Complaint are denied as written.

175.

The allegations contained in paragraph 175 of Plaintiff's Amended Complaint are denied.

176.

The allegations contained in paragraph 176 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

177.

The allegations contained in paragraph 177 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

178.

The allegations contained in paragraph 178 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

179.

The allegations contained in paragraph 179 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

180.

The allegations contained in paragraph 180 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

181.

The allegations contained in paragraph 181 of Plaintiff's Amended Complaint are denied as written.

182.

The allegations contained in paragraph 182 of Plaintiff's Amended Complaint are denied as written.

183.

The allegations contained in paragraph 183 of Plaintiff's Amended Complaint are denied.

184.

The allegations contained in paragraph 184 of Plaintiff's Amended Complaint are denied.

185.

The allegations contained in paragraph 185 of Plaintiff's Amended Complaint are denied as written.

186.

The allegations contained in paragraph 186 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

187.

The allegations contained in paragraph 187 of Plaintiff's Amended Complaint are denied.

188.

The allegations contained in paragraph 188 of Plaintiff's Amended Complaint are denied.

189.

The allegations contained in paragraph 189 of Plaintiff's Amended Complaint are admitted as to the allegations that this Defendant has had more than 500 employees during the relevant time

period at issue. Any other allegations are denied out of an abundance of caution.

190.

The allegations contained in paragraph 190 of Plaintiff's Amended Complaint are denied.

191.

The allegations contained in paragraph 191 of Plaintiff's Amended Complaint are denied.

192.

The allegations contained in paragraph 192 of Plaintiff's Amended Complaint are denied.

193.

In response to paragraph 193 of Plaintiff's Amended Complaint, Defendant reincorporates its responses to each of the paragraphs of Plaintiff's Amended Complaint.

194.

The allegations contained in paragraph 194 of Plaintiff's Amended Complaint are denied as they call for a legal conclusion. Any remaining allegations regarding this Defendant are denied.

195.

The allegations contained in paragraph 195 of Plaintiff's Amended Complaint are denied.

196.

The allegations contained in paragraph 196 of Plaintiff's Amended Complaint are denied.

197.

The allegations contained in paragraph 197 of Plaintiff's Amended Complaint are denied.

198.

The allegations contained in paragraph 198 of Plaintiff's Amended Complaint are denied.

199.

The allegations contained in paragraph 199 of Plaintiff's Amended Complaint are denied.

#6623620

200.

The allegations contained in paragraph 200 of Plaintiff's Amended Complaint are denied.

201.

The allegations contained in paragraph 201 of Plaintiff's Amended Complaint are denied.

202.

The allegations contained in paragraph 202 of Plaintiff's Amended Complaint are denied.

203.

In response to paragraph 203 of Plaintiff's Amended Complaint, Defendant reincorporates its responses to each of the paragraphs of Plaintiff's Amended Complaint.

204.

The allegations contained in paragraph 204 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

205.

The allegations contained in paragraph 205 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

206.

The allegations contained in paragraph 206 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

207.

The allegations contained in paragraph 207 of Plaintiff's Amended Complaint are not

#6623620

asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

208.

The allegations contained in paragraph 208 of Plaintiff's Amended Complaint are denied as they call for a legal conclusion. Any remaining allegations regarding this Defendant are denied.

209.

The allegations contained in paragraph 209 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

210.

The allegations contained in paragraph 210 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

211.

The allegations contained in paragraph 211 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

212.

The allegations contained in paragraph 212 of Plaintiff's Amended Complaint are denied.

213.

The allegations contained in paragraph 213 of Plaintiff's Amended Complaint are denied.

214.

The allegations contained in paragraph 214 of Plaintiff's Amended Complaint are denied as written.

215.

The allegations contained in paragraph 215 of Plaintiff's Amended Complaint are denied.

216.

The allegations contained in paragraph 216 of Plaintiff's Amended Complaint are denied as written.

217.

The allegations contained in paragraph 217 of Plaintiff's Amended Complaint are denied as written.

218.

The allegations contained in paragraph 218 of Plaintiff's Amended Complaint are denied.

219.

The allegations contained in paragraph 219 of Plaintiff's Amended Complaint are denied.

220.

The allegations contained in paragraph 220 of Plaintiff's Amended Complaint are denied as they call for a legal conclusion. Any remaining allegations regarding this Defendant are denied.

221.

The allegations contained in paragraph 221 of Plaintiff's Amended Complaint are denied as they call for a legal conclusion. Any remaining allegations regarding this Defendant are denied.

222.

The allegations contained in paragraph 222 of Plaintiff's Amended Complaint are denied.

223.

The allegations contained in paragraph 223 of Plaintiff's Amended Complaint are denied.

224.

The allegations contained in paragraph 224 of Plaintiff's Amended Complaint are denied.

#6623620

225.

The allegations contained in paragraph 225 of Plaintiff's Amended Complaint are denied for lack of sufficient information to justify a belief therein.

226.

The allegations contained in paragraph 226 of Plaintiff's Amended Complaint are denied.

227.

The allegations contained in paragraph 227 of Plaintiff's Amended Complaint are denied.

228.

The allegations contained in paragraph 228 of Plaintiff's Amended Complaint are denied.

229.

The allegations contained in paragraph 229 of Plaintiff's Amended Complaint as to Plaintiff's ADEA claim are not asserted against this Defendant, and therefore no response is required to that claim. Out of an abundance of caution, Defendant reincorporates its responses to each of the paragraphs of Plaintiff's Amended Complaint.

230.

The allegations contained in paragraph 230 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

231.

The allegations contained in paragraph 231 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

232.

The allegations contained in paragraph 232 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

233.

The allegations contained in paragraph 233 of Plaintiff's Amended Complaint as to Plaintiff's ADEA claim are not asserted against this Defendant, and therefore no response is required to that claim. All remaining allegations regarding this Defendant are denied.

234.

The allegations contained in paragraph 234 of Plaintiff's Amended Complaint as to Plaintiff's ADEA claim are not asserted against this Defendant, and therefore no response is required to that claim. All remaining allegations regarding this Defendant are denied.

235.

The allegations contained in paragraph 235 of Plaintiff's Amended Complaint as to Plaintiff's ADEA claim are not asserted against this Defendant, and therefore no response is required to that claim. All remaining allegations regarding this Defendant are denied.

236.

The allegations contained in paragraph 236 of Plaintiff's Amended Complaint as to Plaintiff's ADEA claim are not asserted against this Defendant, and therefore no response is required to that claim. All remaining allegations regarding this Defendant are denied.

237.

The allegations contained in paragraph 237 of Plaintiff's Amended Complaint as to Plaintiff's ADEA claim are not asserted against this Defendant, and therefore no response is

required to that claim. All remaining allegations regarding this Defendant are denied.

238.

The allegations contained in paragraph 238 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

239.

The allegations contained in paragraph 239 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

240.

The allegations contained in paragraph 240 of Plaintiff's Amended Complaint as to Plaintiff's FMLA claim are not asserted against this Defendant, and therefore no response is required to that claim. Out of an abundance of caution, Defendant reincorporates its responses to each of the paragraphs of Plaintiff's Amended Complaint.

241.

The allegations contained in paragraph 241 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

242.

The allegations contained in paragraph 242 of Plaintiff's Amended Complaint as to Plaintiff's FMLA claim are not asserted against this Defendant, and therefore no response is required to that claim. All remaining allegations regarding this Defendant are denied.

#6623620

243.

The allegations contained in paragraph 243 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

244.

The allegations contained in paragraph 244 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

245.

The allegations contained in paragraph 245 of Plaintiff's Amended Complaint as to Plaintiff's FMLA claim are not asserted against this Defendant, and therefore no response is required to that claim. All remaining allegations regarding this Defendant are denied.

246.

The allegations contained in paragraph 246 of Plaintiff's Amended Complaint as to Plaintiff's FMLA claim are not asserted against this Defendant, and therefore no response is required to that claim. All remaining allegations regarding this Defendant are denied.

247.

The allegations contained in paragraph 247 of Plaintiff's Amended Complaint as to Plaintiff's FMLA claim are not asserted against this Defendant, and therefore no response is required to that claim. All remaining allegations regarding this Defendant are denied.

248.

The allegations contained in paragraph 248 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations

#6623620

may be construed as applying to this Defendant, they are denied.

249.

The allegations contained in paragraph 249 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

250.

The allegations contained in paragraph 250 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

251.

The allegations contained in paragraph 251 of Plaintiff's Amended Complaint as to Plaintiff's breach of implied  covenant of good faith and fair dealing are not asserted against this Defendant, and therefore no response is required. Out of an abundance of caution, Defendant reincorporates its responses to each of the paragraphs of Plaintiff's Amended Complaint.

252.

The allegations contained in paragraph 252 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

253.

The allegations contained in paragraph 253 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

#6623620

254.

The allegations contained in paragraph 254 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent any allegations may be construed as applying to this Defendant, they are denied.

255.

The allegations contained in paragraph 255 of Plaintiff's Amended Complaint are not asserted against this Defendant, and therefore no response is required. To the extent a response is deemed required, such allegations are denied. To the extent any allegations may be construed as applying to this Defendant, they are denied.

256.

The allegations contained in paragraph 256 of Plaintiff's Amended Complaint do not call for a response from this Defendant. However, Defendant also requests a trial by jury.

257.

The allegations contained in paragraph 257 of Plaintiff's Amended Complaint are denied.

258.

The allegations contained in paragraph 258 of Plaintiff's Amended Complaint are denied.

259.

The allegations contained in paragraph 259 of Plaintiff's Amended Complaint, including all subparts, are denied.

260.

AND NOW IN FURTHER ANSWERING, in an abundance of caution, any cause of action, claim and/or allegation contained in Plaintiff's Complaint (R. Doc. 1) and First Amended Complaint (R. Doc. 24) and not previously responded to herein, whether it be any misnumbered

or unnumbered paragraphs, allegations and/or prayers for relief are denied.

## JURY DEMAND

Defendant requests a trial by jury on all issues of Plaintiff's Amended Complaint that have not been dismissed by Plaintiff or the Court.

**WHEREFORE**, Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, respectfully prays that this Affirmative Defenses and Answer be filed into the record and made a part thereof, and that after all legal delays and due proceedings are had before a jury, there be judgment rendered in their favor with an award of attorney's fees and costs, dismissing the Plaintiff's suit, at Plaintiff's costs, and for all other just and equitable relief.

Respectfully submitted by:

By: */s/Amanda M. Plaiscia*_____
    Craig R. Watson, #29473 (T.A.)
    Guice A. Giambrone, III, #25062
    Amanda M. Plaiscia, #35962
    Blue Williams, L.L.C.
    3421 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    Tel.: 504-831-4091/Fax: 504 849-3057
    Email: cwatson@bluewilliams.com
    Email: ggiambrone@bluewilliams.com
    Email: aplaiscia@bluewilliams.com
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 30, 2026 a copy of this filing was served contemporaneously on all attorneys of record via the court's CM/ECF system.

*/s/ Amanda M. Plaiscia*